983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward C. HUNT, Petitioner-Appellant,
v.
A.A. GOMEZ, Warden, Respondent-Appellee.
 No. 92-15918.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 18, 1992.*
Decided Jan. 5, 1993.
 
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward C. Hunt appeals pro se from the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his jury conviction for first degree murder. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 I. BACKGROUND
 
 3
 In his habeas petition, Hunt argued that (1) the trial court's burglary-based felony murder rule instruction with respect to intent to possess cocaine was erroneous and deprived him of due process; (2) the felony murder rule is unconstitutional as applied to this case; (3) the government's failure to preserve evidence violated his right to due process; and (4) the district court erred in determining that his Fourth Amendment claim was not cognizable under federal habeas review.
 
 
 4
 Treating Hunt's petition as exhausted as to all claims, the district court rejected all but Hunt's erroneous instruction claim in an unpublished Order to Show Cause dated October 23, 1991. In a published order, the district court rejected Hunt's instruction claim and denied his petition for habeas corpus. Hunt v. Gomez, 1992 U.S.Dist. LEXIS 8602 (N.D.Cal.1992). This appeal followed.
 
 II. STANDARD OF REVIEW
 
 5
 We review de novo a district court's decision to grant or deny a petition for habeas corpus. Pettaway v. Plummer, 943 F.2d 1041, 1043 (9th Cir.1991), cert. denied, 113 S.Ct. 296 (U.S.1992).
 
 III. GOVERNMENT WAIVED EXHAUSTION ISSUE
 
 6
 On appeal, the government argues for the first time that Hunt has failed to exhaust the failure to preserve evidence issue and the Fourth Amendment claim. Although Hunt did in fact fail to exhaust these issues, we conclude that the interests of comity, federalism, and justice are best served by exercising our discretion to reach the merits of Hunt's habeas petition. See Granberry v. Greer, 481 U.S. 129, 133-135 (1987) (court of appeals has discretion to consider merits of an unexhausted habeas petition when the unexhausted claims are meritless or would require useless litigation in state courts); Stone v. Gobehere, 894 F.2d 1131, 1135 (9th Cir.1990) (nonexhaustion argument may be considered waived "if the interests of comity, federalism, and justice would be served").
 
 
 7
 IV. JURY INSTRUCTIONS DID NOT VIOLATE DUE PROCESS
 
 
 8
 Hunt contends that the burglary felony murder instruction based on intent to possess cocaine violated his right to due process. Hunt argues that the instruction allowed the jury erroneously to find a burglary where the defendant entered a residence with the occupant's consent and knowledge of defendant's felonious intent.
 
 
 9
 The evidence at trial established that the victim, Nancy DeTomasi, was stabbed to death after being interrupted during a sale of cocaine and that the killer robbed DeTomasi of her cocaine supply and several hundred dollars. The prosecution also presented evidence to support a jury finding that Hunt committed the robbery-killing.
 
 
 10
 As an alternative to the burglary-based felony murder rule instruction, the trial court properly instructed the jury that it could find Hunt guilty of first degree murder if it found that Hunt killed DeTomasi during the commission of a robbery.[1] We are required to consider the challenged instruction in the context of the total charge to the jury. Having done so, we conclude that Hunt has failed to show that the allegedly erroneous instruction so infected the trial that his conviction violated due process. See Prantil v. California, 843 F.2d 314, 317 (9th Cir.), cert. denied, 488 U.S. 861 (1988).
 
 V. FELONY-MURDER RULE IS CONSTITUTIONAL
 
 11
 Hunt next argues that application of the felony murder rule to his case violates his Eighth and/or Fourteenth Amendment rights. Specifically, Hunt contends that intent to possess cocaine is significantly less culpable than the mens rea required for first degree murder, i.e., premeditation or malice. As a result, he argues, his conviction for first degree murder violates equal protection and constitutes cruel and unusual punishment.
 
 
 12
 Hunt's argument rests on his challenge to the felony murder instruction based on intent to possess cocaine. This argument ignores the fact that the evidence supported Hunt's conviction under a theory of robbery-based felony murder. The California legislature has determined that the mens rea for robbery-based felony murder is equivalent to the mens rea for premeditated murder. This legislative determination does not violate the Constitution. See Schad, 111 S.Ct. at 2503-2504 (due process not violated by equating mens rea of felony murder and premeditated murder); Tison v. Arizona, 481 U.S. 137, 158 (1987) (robbery-based felony murder rule does not violate Eighth Amendment when defendant was a major actor in a felony and exhibited a reckless indifference to human life).
 
 VI. FAILURE TO PRESERVE EVIDENCE
 
 13
 Hunt also contends that he was denied due process because the government expert's failed to preserve potential impeachment evidence. Hunt has failed to show that the government's failure to preserve this evidence was the product of bad faith. See Arizona v. Youngblood, 109 S.Ct. 333, 337 (1988). Therefore, his claim is without merit.
 
 
 14
 Hunt has also failed to show that the exculpatory value of the potential impeachment evidence could have played a significant role in his defense. See California v. Trombetta, 104 S.Ct. 2528, 2534 (1984) (police's failure to preserve breath samples used in intoxilyzer breath test did not violate due process). Due process only requires that the government preserve evidence that "possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other available means." Id.
 
 
 15
 The gel patterns do not constitute such exculpatory evidence; rather, as Hunt concedes, their value is limited to impeachment. Hunt's counsel had access to Hunt's leather jacket and could have performed his own blood type analysis. Therefore, we conclude that Hunt's due process rights were not violated.
 
 VII. FOURTH AMENDMENT CLAIMS NOT COGNIZABLE
 
 16
 Finally, Hunt contends that his leather jacket, which was seized in Linda Martindale's apartment, should have been suppressed under the Fourth Amendment because the police did not have a warrant and because the consent to search the apartment was involuntary. The district court determined that Hunt's Fourth Amendment claim was not cognizable under federal habeas review. We agree.
 
 
 17
 After the trial court held a hearing on Hunt's suppression motion, it denied the motion on both standing and substantive grounds. Hunt had a full and fair opportunity to litigate this Fourth Amendment claim in state court and did in fact litigate the claim. Therefore, collateral review in habeas is precluded. See Stone v. Powell, 428 U.S. 465, 494-495 (1976); Gordon v. Duran, 895 F.2d 610, 613-614 (9th Cir.1990).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 California Penal Code § 189 defines first degree murder as any killing that is "willful, deliberate, and premeditated ... or which is committed in the perpetration of ... robbery [or] burglary...."
 The jury received instructions for premeditated murder, robbery-based felony murder, and burglary-based felony murder. The felony murder instructions informed the jury that it could find Hunt guilty of first degree murder if it found that Hunt killed DeTomasi in the process of committing robbery or that he entered DeTomasi's home with the intent to commit theft or possess cocaine. The evidence supported each of these alternative routes to a first degree murder conviction. Due process does not require that the jury unanimously agree on which theory it uses to find first degree murder. Schad v. Arizona, 111 S.Ct. 2491 (1991).