29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth John FALCONE, Petitioner-Appellant,
v.
Samuel A. LEWIS, et al., Respondents-Appellees.
 No. 93-17178.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 30, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth John Falcone, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Falcone was convicted of three counts of attempted child molestation. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm in part and remand.
 
 Background
 
 3
 Falcone pleaded guilty to three counts of attempted child molestation in two separate proceedings. In CR-89-08697, Falcone pleaded guilty to one count, and both sides stipulated to a sentence of lifetime probation. Falcone was sentenced to ten years imprisonment followed by lifetime probation in this proceeding. In CR-89-02205, Falcone pleaded guilty to two counts, and there was no sentence stipulation. Falcone was sentenced to lifetime probation in this proceeding.
 
 
 4
 Falcone appealed his conviction in 89-08697, contending that his sentence was improper. While this appeal was pending, Falcone filed a federal habeas petition, which was dismissed for failure to exhaust state remedies, and a state habeas petition and petition for special action, which were dismissed because his direct appeal had not yet been decided. These three actions also challenged his sentence in 89-08697. Falcone then filed another state habeas petition challenging his sentence, in which he alleged that direct appeal was not an adequate remedy because of the Arizona Court of Appeals' delay in reaching a decision. Falcone appealed the denial of this petition to the Court of Appeals in a special action, which was consolidated with his pending direct appeal.
 
 
 5
 Falcone then filed the instant habeas petition, alleging that his due process rights were violated by the improper sentencing in 89-08697 and by the Arizona Court of Appeals' delay in processing his direct appeal. While this habeas petition was pending, the Court of Appeals issued its decision vacating Falcone's ten year prison sentence in 89-08697 and remanding both cases to the trial court for resentencing. Falcone filed a motion for reconsideration to the Court of Appeals and two petitions for review to the Arizona Supreme Court, arguing that the Court of Appeals lacked jurisdiction to remand 89-02205 for resentencing, as that case had not been appealed by either party. These petitions were denied.
 
 
 6
 While the instant habeas petition was pending, Falcone was resentenced to ten years imprisonment in 89-02205. He attempted to supplement his petition to add claims that this sentence violated his due process rights and subjected him to double jeopardy. The magistrate judge issued a report and recommendation on September 23, 1993, dismissing Falcone's claim about his original ten year sentence as moot, and finding that the Arizona Court of Appeals' delay did not violate Falcone's due process rights. The magistrate judge declined to allow Falcone to amend his petition to add his resentencing claims, reasoning that because the resentencing claims appeared to be unexhausted, such an amendment would render the petition subject to dismissal.
 
 
 7
 On that same day, Falcone filed supplemental pleadings in the district court, including documents showing that he had appealed his resentencing to the Arizona Supreme Court. Falcone again argued that he had in fact exhausted these claims in his objections to the magistrate judge's report and recommendation. The district court adopted the magistrate judge's report and dismissed the petition.
 
 Claims from Original Habeas Petition
 
 8
 In his original habeas petition, Falcone alleged that his due process rights were violated by the ten year sentence he received in 89-08697, and that his due process rights were violated by the Arizona Court of Appeals' delay in processing his direct appeal. These claims are moot.
 
 
 9
 A claim is moot if "we are without power to grant the relief requested." Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir.1991); see United States v. Geophysical Corp. of Alaska, 732 F.2d 693, 698 (9th Cir.1984) (claim is moot if no effective relief can be granted). Here, Falcone's original ten year sentence has been vacated. Accordingly, he can no longer be granted effective relief on that claim. See Picrin-Peron, 930 F.2d at 775. Furthermore, because the proper relief for appellate delay is to order the appellate court to hear the appeal within a certain time or release the petitioner, see Coe v. Thurman, 922 F.2d 528, 532 (9th Cir.1990), no further relief can be granted on Falcone's due process claim now that the Court of Appeals has issued its decision.
 
 Resentencing Claims
 
 10
 Falcone attempted to supplement his original habeas petition with claims regarding his resentencing in 89-02205. Falcone alleged specifically that this new sentence violated his due process rights and subjected him to double jeopardy. We remand these claims to the district court for consideration on the merits.
 
 
 11
 The district court did not allow Falcone to add these claims to his habeas petition because they had not been (and indeed, could not have been) exhausted when the petition was filed. However, we may consider a claim on the merits if state remedies have been exhausted by the time we decide an appeal, "even if these remedies were not exhausted when the habeas corpus petition was filed." Schwartzmiller v. Gardner, 752 F.2d 1341, 1344 (9th Cir.1984).
 
 
 12
 The exhaustion requirement is satisfied if the petitioner has given the state's highest court an opportunity to rule on the merits of his claims. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 (9th Cir.1986); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). Submitting a claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation. Castille v. Peoples, 489 U.S. 346, 351 (1988). Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment are presumed to rest upon the same ground. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991).
 
 
 13
 Here, Falcone submitted exhibits to the district court indicating that he appealed his resentencing claims to the Arizona Supreme Court. However, appointed counsel failed to raise the due process and double jeopardy issues in his initial brief to the Arizona Court of Appeals. Counsel attempted to file amended opening briefs addressing these issues, but these briefs were refused. Falcone filed two petitions for review in the Arizona Supreme Court; these petitions raised the due process and double jeopardy issues, alleged that the Court of Appeals erred by failing to accept the amended briefs, and alleged that counsel rendered ineffective assistance by failing to include the claims in his initial brief. Both of these petitions for review were denied without comment.
 
 
 14
 Because the Arizona Supreme Court denied Falcone's petitions for review without comment, we must look through to the last reasoned opinion to determine whether these claims were fairly presented to the Arizona courts. See Ylst, 111 S.Ct. at 2594-95. The Court of Appeals refused to consider Falcone's due process and double jeopardy claims because they were not argued in the initial opening brief. Thus, we must presume that the Arizona Supreme Court also declined to review these claims based on this procedural error. See id. Accordingly, Falcone has not fairly presented these claims to the Arizona Supreme Court. See Castille, 489 U.S. at 351.
 
 
 15
 However, the Arizona Court of Appeals indicated that it had reviewed the record for fundamental error pursuant to Ariz.Rev.Stat. Sec. 13-4035, and found none. Fundamental error is error involving the loss of a federal constitutional right, State v. Gendron, 812 P.2d 626, 628 (Ariz.1991), including the prohibition against double jeopardy, State v. Millanes, 1994 WL 103042 * 4 (Ariz.App. March 31, 1994) (No. 1 CA-CR 92-0949). When a state court is required to review the record for federal constitutional error, even if the petitioner fails to properly raise that issue in state court, the state court's determination that there was no such error constitutes a decision on the merits of the petitioner's claim. See Ake v. Oklahoma, 470 U.S. 68, 74-75 (1985); Beam v. Paskett, 3 F.3d 1301, 1306-07 (9th Cir.1993), cert. denied, 114 S.Ct. 1631 (1994). Accordingly, the Arizona Court of Appeals' review for federal constitutional error constitutes consideration of Falcone's due process and double jeopardy claims. Because the Arizona Supreme Court upheld the Court of Appeals' decision without comment, we must presume that the Supreme Court also considered these claims on the merits. See Ylst, 111 S.Ct. at 2594. Accordingly, these claims are exhausted. Because the record is not adequate for us to decide Falcone's resentencing issues, we remand to the district court for consideration of these claims on the merits.
 
 
 16
 AFFIRMED IN PART AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3