Kenneth John FALCONE,
Petitioner–Appellant,

v.

Terry STEWART, Director; Attorney
General of the State Of Arizona,
Respondents–Appellees.

No. 96–15755.

United States Court of Appeals,
Ninth Circuit.

Submitted July 15, 1997.*

Decided Aug. 14, 1997.

---

\* The panel unanimously finds this case to be suitable for decision without oral argument. FRAP 34(a); 9th Cir. R. 34–4.

Kenneth John Falcone, pro se, Tucson, AZ, for petitioner–appellant.

Dawn M. Northup, Assistant Attorney General, Phoenix, AZ, for respondents–appellees.

Before: FARRIS and TASHIMA, Circuit Judges, and STAGG, Senior District Judge.**

PER CURIAM:

Kenneth John Falcone appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253. We reverse.

I

On February 23, 1990, Falcone entered two guilty pleas in Arizona Superior Court, in case number CR–89–08697 ("the –97 case") and case number CR–89–02205 ("the –05 case"). The cases arose from separate indictments that were factually unrelated.

The state stipulated in the –97 plea agreement to a punishment of lifetime probation with no prison term. The court nevertheless sentenced Falcone to ten years in prison plus probation. The –05 plea agreement contained no stipulation regarding punishment, and the court imposed a sentence of probation only. It appears that the court confused the cases.

Falcone appealed the sentences in separate appeals, but dismissed his appeal in the –05 case before it was argued or decided. On the other appeal, the Arizona Court of Appeals held that the sentence in the –97 case violated Arizona law. The court then held that the trial court had consolidated the two cases for sentencing purposes, and it ordered resentencing in both cases.

On remand, the trial court resentenced Falcone to probation on –97, and ten years in

---

** The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

prison plus lifetime probation on –05. Falcone filed this § 2254 petition,[1] asserting various constitutional violations. The district court denied the petition on exhaustion grounds. Falcone appealed, and this court reversed. *Falcone v. Lewis,* 1994 WL 316022 at *3 (9th Cir.). The district court then denied the petition on the merits.

## II

As a threshold matter, Arizona asks us to reconsider our conclusion that Falcone exhausted his state court remedies on his double jeopardy and due process claims. We do not do so, because our previous ruling is now the law of the case. "The law of the case doctrine 'ordinarily precludes a court from re-examining an issue previously decided by the same court ... in the same case.'" *United States v. Caterino,* 29 F.3d 1390, 1395 (9th Cir.1994) (quoting *United States v. Maybusher,* 735 F.2d 366, 370 (9th Cir.1984)). This litigation has proceeded for three years based on our conclusion that the claims were exhausted, and we will not now hold that they were not.[2] *Accord United States v. Foumai,* 910 F.2d 617, 621 (9th Cir.1990) ("Double Jeopardy challenges raise special concerns that deserve immediate appeal to prevent the defendant from being subjected to further ... violation of [his] constitutional rights") (direct appeal).

## III

We review the denial of a habeas corpus petition de novo, and the district court's factual findings for clear error. *Weston v. Kernan,* 50 F.3d 633, 636 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 351, 133

L.Ed.2d 247 (1995). Whether the double jeopardy clause has been violated is a question of law, reviewed de novo. *Id.*

The district court found that "the pleas were part of a package, i.e., there was an intent for petitioner to receive a ten-year sentence of incarceration and life time probation." The court concluded on this basis that Falcone's double jeopardy rights were not violated when he was resentenced on –05.

The district court answered the wrong question. Even if the sentencing court had intended to sentence Falcone to a single, package sentence, that would not establish that there was no double jeopardy violation. *See United States v. Contreras–Subias,* 13 F.3d 1341, 1346 (9th Cir.1994) (discussing cases where initial sentence frustrated intent of trial court; double jeopardy violation where "correction" merely reflected court's original intent).

### A.

The double jeopardy clause protects a criminal defendant's legitimate expectation that the proceedings against him are final. *United States v. DiFrancesco,* 449 U.S. 117, 134–37, 101 S.Ct. 426, 435–38, 66 L.Ed.2d 328 (1980). The clause therefore prevents increases in a defendant's sentence "where the legitimate expectation of finality has attached to the sentence." *Stone v. Godbehere,* 894 F.2d 1131, 1135 (9th Cir.1990) (citing *DiFrancesco* ); *see also United States v. Moreno–Hernandez,* 48 F.3d 1112, 1116 (9th Cir. 1995) (double jeopardy clause applies to resentencing proceedings). We have also framed the question in terms of a defendant's

---

1. Falcone filed this petition before the resentencing of which he now complains, and later amended it to include these double jeopardy and due process claims. As explained below, we have already held that the claims Falcone raises on this appeal are properly before us.

2. The state argues that our previous ruling relied on the Arizona Court of Appeals's review for "fundamental error" to conclude that the state courts had reviewed Falcone's claims. This reliance, the state contends, is in conflict with our subsequent published opinion in *Martinez–Villareal v. Lewis,* 80 F.3d 1301, 1306 (9th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 588, 136 L.Ed.2d 517 (1996).

The state misconstrues our previous ruling. The particular constitutional claims at issue were readily apparent from the record, and Falcone had attempted to raise them in an amended brief. The Arizona court's fundamental error review almost necessarily included consideration of these particular claims.

Further, even if Arizona were correct, it is likely that Falcone could show that the failure to raise these obvious constitutional claims constituted ineffective assistance of counsel. Falcone has not had occasion to bring an ineffective assistance claim because of our previous ruling in his favor regarding exhaustion.

"reasonable" expectation of finality, apparently without distinction. *Foumai*, 910 F.2d at 621. Because the Supreme Court used only the "legitimate expectation" language, we employ that phrasing. *See DiFrancesco*, 449 U.S. at 137, 101 S.Ct. at 437–38.

■ Whether a legitimate expectation of finality has attached to a sentence turns on whether the court had the power lawfully to resentence the defendant. *See, e.g., Moreno–Hernandez*, 48 F.3d at 1116–17 (finality of sentence after defendant's appeal depends on whether district court resentenced in accordance with mandate from appellate court); *United States v. Ponce*, 51 F.3d 820, 826 (9th Cir.1995) (per curiam) (double jeopardy analysis "turns on 'whether the district court's authority was abridged'") (quoting *United States v. Caterino*, 29 F.3d 1390, 1394 (9th Cir.1994)); *Stone v. Godbehere*, 894 F.2d at 1135 (state court resentencing violated double jeopardy because court had no jurisdiction to resentence).

### B.

■ In Arizona, the state cannot appeal a lawful sentence, and the sentencing court cannot modify it sua sponte. *Stone v. Godbehere*, 894 F.2d at 1135 (in Arizona, a lawful sentence cannot be modified and is final for double jeopardy purposes upon pronouncement in open court). Arizona has not shown that the initial sentence in –05 was unlawful.[3] Because the sentence in that case was lawful, it became final for double jeopardy purposes when Falcone dismissed his appeal of it unless it remained at issue in connection with his other appeal. *See id.* (unappealable sentence is final for double jeopardy purposes); *DiFrancesco*, 449 U.S. at 136, 101 S.Ct. at 437 (1980) (defendant can have "no expectation of finality until [an] appeal is concluded"); *Foumai*, 910 F.2d at 621 (same; also can be no expectation of finality until time for government to appeal has run).

3. The state argues that the sentence was unlawful because it did not reflect the intent of the sentencing court. This argument is meritless.

4. The two cases could have been consolidated under Arizona Rule of Criminal Procedure 13.3(a)(1), which applies to charges that "[a]re of the same or similar character." However, if the

■ The Arizona Court of Appeals held, as a matter of state law, that it could remand the –05 case for resentencing because the case had been consolidated with the –97 case, which Falcone had appealed. We do not review state law questions in habeas corpus proceedings, but whether the application of state law violated a defendant's double jeopardy rights is a question of federal law. *Boyd v. Meachum*, 77 F.3d 60, 65 (2d Cir.1996) (citing *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir.1991) (due process rights)). Even where a state court determination appears to decide a defendant's double jeopardy claim, we conduct our own analysis to determine whether the double jeopardy clause was violated. *Dixon v. Dupnik*, 688 F.2d 682, 684 (9th Cir.1982) (citing *Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 2226–27, 53 L.Ed.2d 187 (1977)).

Falcone is charged with knowledge of the law, *DiFrancesco*, 449 U.S. at 136, 101 S.Ct. at 437–38, but he cannot be charged with knowledge of law that did not exist when he was first sentenced. No court has ever held that a defendant's double jeopardy rights are limited by changes in the law that occur *after* his first sentencing, and we decline to do so. If a court could constitutionally order resentencing in violation of the law that a defendant reasonably expected would be applied, then no sentence would ever be final. Whether Falcone had a legitimate expectation of finality in his sentence after he dismissed his appeal therefore depends on the state of Arizona law at that time. We must determine, notwithstanding the Arizona court's post hoc conclusion that the cases were consolidated, whether they had been joined under Arizona law as it then existed.

Under Arizona law, criminal cases may be consolidated on motion or on the court's initiative. Ariz. R. Cr. P. 13.3. Neither Arizona nor Falcone moved to consolidate, and the court never ordered consolidation.[4] The

court had ordered consolidation, Falcone would have had an absolute right to severance. Ariz. R. Cr. P. 13.4(b); *State v. Bravo*, 171 Ariz. 132, 829 P.2d 322, 328 (App.1992) (citing *State v. Sustaita*, 119 Ariz. 583, 583 P.2d 239, 244 (1978)).

cases were not consolidated under Arizona law.

The state now advances three pieces of evidence in support of the Arizona Court of Appeals's conclusion that the cases were consolidated "for sentencing purposes." If the state's contention were correct, Falcone's appeal of his sentence in –97 might have prevented a legitimate expectation of finality from attaching to the other sentence. But none of the state's evidence tends to show that the cases were ever treated as a unit.

First, the trial court entered a minute order continuing the trial in –05 and scheduling a consolidated hearing for the two cases. However, the order did not purport to consolidate the *cases,* nor was it intended to have such an effect. The motion on which the minute order was based asked only that "the Pretrial in both of these case[s] should be set on the same date." County Attorney John Ditsworth, who represented the state in the criminal proceedings, testified that it was common practice to schedule proceedings involving the same defendant on the same day. He also testified that such consolidated hearings were "for purposes of convenience . . . for the prosecutor, the State, the defendant, and the Court." The Superior Court judge who sentenced Falcone testified that consolidated hearings were common for purposes of efficiency and that the October 16 order "in no way affected [his] ability to sentence Mr. Falcone on the separate cause numbers." The minute order did not consolidate or otherwise join the cases.

Second, each judgment entered by the sentencing court referred to the other case. Specifically, each judgment provided that the sentence was to run consecutively with the other. The Arizona Court of Appeals concluded from this that the cases had been consolidated. However, there was no indication in the judgments that the sentences composed a single consolidated package. As County Attorney Ditsworth testified regarding the plea agreements and the sentences: "They are not interlocking. There is nothing in [the agreement on –05] which says [the court] will then do the following in [–97]."

The Superior Court judge also testified that the two sentences were not interlocking.

A criminal judgment in Arizona may specify that one sentence is to run consecutively with another provided that (1) the sentences are imposed at the same time, or (2) the first sentence has already been imposed. *State v. King,* 166 Ariz. 342, 802 P.2d 1041, 1043 (App.1990); Ariz. Stat. § 13–708. No other connection between the cases is required, *see id.,* and none was apparent here. The judgments therefore do not establish that the sentences were part of a package or that the cases were otherwise combined.

Third, County Attorney Ditsworth testified that he had intended to secure an agreement providing for a single sentence package in the two cases. But he did *not* secure such an agreement. He admitted that no sentence package is reflected in the plea agreements Falcone signed, and that under Arizona law any term or agreement such as a package sentence would have been contained in those agreements: "[T]he terms and conditions of the potential sentence[s] are contained in the written plea agreements, period." Ditsworth's testimony does not tend to show that the cases were combined in any way.

Our conclusion that the two cases remained separate under Arizona law is buttressed by the state's conduct after the initial sentencing. That conduct indicates that the state believed Falcone's sentence in –05 to be final, even though Falcone had appealed the other sentence. In its briefs opposing Falcone's challenge to his –97 sentence, the state admitted that the sentence was illegal. The state argued only that the court could resentence Falcone to a prison term without rejecting the contrary plea agreement. Had the state believed the sentence in –05 to be part of the same sentence package, it could have argued for resentencing on the –05 charge, on which there was no stipulation limiting prison time. But the state presented no such argument. The idea that the two cases had been consolidated was first expressed in a footnote in the Arizona Court of Appeals's opinion.[5]

---

**5.** The state also did not suggest, when Falcone moved for dismissal of his appeal in the –05 case, that its position was that the –05 sentence was at issue in the pending appeal of –97.

## C.

 There are other limitations on when a defendant can legitimately expect that his sentence is final. There can be no legitimate expectation of finality in an erroneous sentence if the error results from the defendant's intentionally deceiving the court. *United States v. Jones,* 722 F.2d 632, 638–39 (11th Cir.1983); *United States v. Bishop,* 774 F.2d 771, 776 (7th Cir.1985) (citing *Jones* ). But Arizona has never suggested that Falcone deceived the sentencing court. Falcone may have known of the court's error before he dismissed his appeal in –05, but knowledge of an error does not render an expectation of finality illegitimate. *See Jones,* 722 F.2d at 638 (holding that a defendant who is "blameless [but knows of the error], may *legitimately* expect that the sentence ... will not later be enhanced") (emphasis in original).

Application of the double jeopardy clause to prevent Falcone from being resentenced may allow him to benefit from a simple error by the sentencing judge. The district court considered this result untenable, citing *Jones v. Thomas* for the proposition that prisoners may not invoke the double jeopardy clause to "provide unjustified windfalls." 491 U.S. 376, 387, 109 S.Ct. 2522, 2529, 105 L.Ed.2d 322 (1989). But the windfall in *Jones* was "unjustified" because the defendant "plainly had *no expectation* " of finality"—he had sought relief from the sentence, giving the court the power to resentence him. *Id.* at 386, 109 S.Ct. at 2528 (emphasis added). Here, the court had no such power. The double jeopardy clause protects a defendant's expectations, even where the result is that he receives a windfall. "Where the [Double Jeopardy] Clause does apply, 'its sweep is absolute.'" *DiFrancesco,* 449 U.S. at 131, 101 S.Ct. at 434 (quoting *Burks v. United States,* 437 U.S. 1, 11 n. 6, 98 S.Ct. 2141, 2147 n. 6, 57 L.Ed.2d 1 (1978)).

Falcone's sentence could not have been increased under Arizona law as it existed at the time of his first sentence. From this conclusion it follows that Falcone's expecta-

tion of finality was legally legitimate: a defendant can legitimately expect that the courts will follow the law. Thus, the district court erred in concluding that resentencing Falcone in the –05 case did not violate his double jeopardy rights.

## IV

## CONCLUSION

The denial of Falcone's petition is **REVERSED** and the case **REMANDED** to the district court with directions to grant the writ of habeas corpus.[6]

---

**6.** This disposition of the double jeopardy claim makes it unnecessary for us to consider Falcone's due process claim.