**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Neko K. DEFTERIOS, Defendant—Appellant.**

No. 05–50536.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 24, 2006.

Decided Aug. 2, 2006.

686

Before: FERNANDEZ, RYMER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Petitioner Neko K. Defterios appeals the terms of imprisonment and of supervised release imposed on him upon resentencing, arguing that the sentence violated his double jeopardy rights. We review whether resentencing violates a defendant's double jeopardy rights de novo, *United States v. Ruiz–Alvarez,* 211 F.3d 1181, 1185 (9th Cir.2000). We affirm.

Defterios first argues that the district court violated his double jeopardy rights when it sentenced him to twenty-four months imprisonment. Although the Double Jeopardy Clause of the Fifth Amendment prohibits the imposition of an addition to a criminal sentence in a subsequent proceeding where a legitimate expectation of finality has attached to the serving of the sentence, *see Stone v. Godbehere,* 894 F.2d 1131, 1135 (9th Cir.1990),

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Defterios could not have had a legitimate expectation of finality in his original sentence because the government filed a timely appeal before Defterios began serving any portion of his initial sentence. *United States v. DiFrancesco*, 449 U.S. 117, 136, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) ("The defendant ... has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired."); *see also United States v. Foumai*, 910 F.2d 617, 620 (9th Cir.1990). That he completed service of the original one-month term did not expand his legitimate expectation.

 Defterios also argues that the district court violated double jeopardy when it denied him credit for time already served on supervised release toward his new term of imprisonment or toward his newly imposed term of supervised release. Credit for time served on supervised release cannot be applied to reduce a term of imprisonment. *United States v. Johnson*, 529 U.S. 53, 60, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000) (holding that credit for time served in prison is not interchangeable with supervised release time). Defterios would be entitled to credit for time already served on supervised release for this conviction, if any, against the supervised release portion of his sentence imposed on remand. It does not appear to us that the district court ruled otherwise. Rather, the court left it to the Probation Office to calculate what time Defterios will have remaining to serve on supervised release for the current conviction and invited Defterios to bring the issue back to court if he was not satisfied with that calculation. That was appropriate, since computation of credit is something better dealt with in the first instance by the Probation Office.

Defterios alternatively argues that his sentence was unreasonable because the district court did not grant him credit for time already served on supervised release. This argument is indistinguishable from his double jeopardy claim and likewise without merit.

We therefore affirm the district court's sentence, without prejudice to Defterios seeking appropriate relief from the district court if he disagrees with the Probation Office as to the calculation of the time remaining to be served for the supervised release portion of his sentence.

AFFIRMED.