Vito SGARAGLINO, Plaintiff–Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Corporation, Defendant–Appellee.

No. 87–1903.

United States Court of Appeals, Ninth Circuit.

Feb. 21, 1990.

Before WRIGHT and POOLE, Circuit Judges, and BREWSTER,* District Judge.

Joseph M. Kadans, Esq., whose offices are in Las Vegas, Nevada, sued State Farm Fire and Casualty Company in Nevada state court alleging a fire loss which State Farm refused to pay. The refusal related to alleged damage to the contents of a home covered by a State Farm policy.

Plaintiff Sgaraglino charged breach of contract and of the duty of good faith and fair dealing. State Farm's refusal was predicated on its claim that the fires had been set by Sgaraglino and that he had made false statements concerning the losses. State Farm removed the case to the Nevada District Court and then counterclaimed for its expenses and for advance payments it had made. The jury found in State Farm's favor on both its claim and counterclaim.

Sgaraglino, still represented by Mr. Kadans, appealed to this court and oral argument was held on August 10, 1988. By memorandum opinion on August 12, 1988, the judgment of the district court was affirmed. On September 15, 1988, the appellant's petition for rehearing was denied. The mandate issued September 23, 1988. A petition for *certiorari*, filed with the United States Supreme Court on December 12, 1988 was denied on February 21, 1989.

After the mandate had gone down, on or about May 26, 1989, State Farm's law firm filed a motion in the original district court case (No. CV–S–85–266 LDG) asking the district court to impose a sanction on Sgaraglino's counsel, Kadans, for his unprofessional conduct in that he had, on December 8, 1988 and again on January 17, 1989, communicated directly with Mr. Edward Rust, Jr., State Farm's President, at the latter's Bloomington, Illinois office. The thrust of the motion was that it was improper for Mr. Kadans to address these communications directly to the other party whom he knew to be represented by counsel, whose name and address were known, and where many communications, both be-

fore and after the court proceedings, had been exchanged directly between counsel.

By order of May 15, 1989, District Judge Lloyd D. George ruled that he had no jurisdiction to grant the sanction relief requested by State Farm for the reason that Mr. Kadans was not licensed to practice in the State of Nevada nor before the district court of that state. Judge George suggested that "the matter be pursued before the Ninth Circuit Court of Appeals."

Thereafter, on May 26, 1989, State Farm moved in this court (at the same number as the appeal) for an order sanctioning plaintiff's counsel and for attorney's fees.

It is clear that we do not have jurisdiction because the conduct involved in this motion occurred after we entered our judgment affirming the district court and our mandate had gone down. Upon issuance of the mandate, the case was returned to the district court's jurisdiction. The events complained of took place thereafter.

Mr. Kadans' conduct may have related to the subject matter of our appeal, but was not a part thereof and was not directed to the panel. In fact, according to the documents filed by State Farm with us and with Judge George, Mr. Kadans' first letter sought a settlement and offered to withdraw his then pending petition for *certiorari*. (*See* Exhibit A of the motion, December 9, 1988.) In the second document, Mr. Kadans sought settlement for some of the items which were part of the lawsuit, threatened to file a new action if the request was denied, and directly asked the President of State Farm to reconsider an earlier refusal to settle.

This is blatantly unprofessional conduct, but it does not affect a matter which was then in our jurisdiction. The record indicates that Mr. Kadans was allegedly admitted to the Michigan bar on January 8, 1952 without examination. *See* attachment to Response for Sanctions, filed in this court June 9, 1989, particularly motion to vacate opinion or grant relief, at page five, lines

---

* The Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation.

22–26. It appears that Mr. Kadans was also admitted to the Maryland bar in 1943. At any rate, his conduct was not incident to on-going litigation involving a then-current matter before us. Therefore, we lack both jurisdiction and necessity to grant the proposed motion.

Motion denied.