**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John U. FOUMAI, Defendant–Appellant.**

**No. 89–10124.**

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 1990.[*]

Decided Aug. 7, 1990.

As Amended Sept. 24, 1990.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

**618**

Thomas W. Murphy, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Janet H. Fenton, Sp. Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before FARRIS, PREGERSON and RYMER, Circuit Judges.

FARRIS, Circuit Judge:

John U. Foumai appeals the district court's withdrawal of its order reversing one of two misdemeanor convictions. Foumai argues that the withdrawal order placed him in double jeopardy.

## FACTS

Foumai was convicted by a United States Magistrate on charges of driving without insurance and driving with a suspended license. Both are violations of Hawaii statutes that are incorporated into federal law pursuant to the Assimilative Crimes Act. 18 U.S.C. § 13. He was sentenced to pay fines totaling $445.00. Foumai appealed to the district court pursuant to 18 U.S.C. § 3402.

On January 17, 1989, the district court affirmed the driving without insurance conviction but reversed the suspended license conviction. The court found that the prosecutor failed to present evidence that the defendant had been notified that his license was suspended. The order was immediately entered on the docket sheet and neither party appealed. On March 6, 1989, 48 days after the reversal order was filed, the district court sua sponte withdrew its order and directed the parties to provide additional briefing as to whether notice of suspension was a required element of the offense. Foumai filed a timely appeal challenging the withdrawal order as an unlawful attempt to subject him to double jeopardy.

## DISCUSSION

The Double Jeopardy Clause protects the integrity of a final judgment and prohibits multiple prosecutions even when no final determination of guilt or innocence has been made. *United States v. Scott,* 437 U.S. 82, 92, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978). When there is an initial acquittal by the fact finder, no retrial or appeal may be had by the government, *id.* at 90, 98 S.Ct. at 2193, even if the acquittal is based on an "egregiously erroneous foundation," *United States v. DiFrancesco,* 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980). If the defendant is initially convicted, however, the government may appeal any subsequent reversal, in part because a successful appeal would not necessitate a new trial but would only reinstate the original conviction. *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1974); *United States v. Sharif,* 817 F.2d 1375, 1376 (9th Cir. 1987). Because Foumai was convicted by the magistrate at trial, the government could have appealed the district court's reversal. *See United States v. Forcellati,* 610 F.2d 25, 28 (1st Cir.1979); 18 U.S.C. § 3731. Therefore, no inherent double jeopardy obstacle bars timely further proceedings after the district court's reversal of the conviction.

Foumai argues that reconsideration of the judgment is barred because the judgment had become final and unreviewable. It is well established that the double jeopardy clause prohibits augmentation of a criminal sentence when it would violate

the defendant's reasonable expectation of finality. *United States v. Arrellano–Rios*, 799 F.2d 520, 523 (9th Cir.1986) (sentence becomes final and irrevocable no later than the date it is fully served); *see United States v. DiFrancesco*, 449 U.S. 117, 136–38, 101 S.Ct. 426, 437–38, 66 L.Ed.2d 328 (1980); *United States v. Earley*, 816 F.2d 1428, 1434 (10th Cir.1987) (defendant subjected to double jeopardy where court sua sponte attempted to "clarify" sentence five months after sentence was imposed and service commenced). Unlike modification of a criminal sentence, the withdrawal or modification of an order reversing a conviction impinges on the guilt or innocence determination. Where an order determines guilt or innocence, there is an even greater need for finality. *See DiFrancesco*, 449 U.S. at 136, 101 S.Ct. at 437 ("defendant's primary concern and anxiety obviously relate to the determination of innocence or guilt" not the magnitude of the sentence). Therefore, we must determine whether a legitimate expectation of finality had attached to the district court's original order reversing Foumai's conviction.

### 1) Finality of Judgments

The district court has inherent jurisdiction within the time allowed for appeal "to modify its judgment for errors of fact or law or even to revoke a judgment." *United States v. Jones*, 608 F.2d 386, 390 (9th Cir.1979); *United States v. Emens*, 565 F.2d 1142, 1144 (9th Cir.1977).[1] No expectation of finality can attach during the period in which either party may appeal. *DiFrancesco*, 449 U.S. at 136, 101 S.Ct. at 437 (defendant "has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired."). Limitations on the time for appeal were created to set a definite time when litigation shall cease. *See Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978). Moreover, we treat the expiration of time for the government to

appeal under 18 U.S.C. § 3731 as a jurisdictional limitation on the trial court after which a judgment can not be reconsidered. *United States v. Villapudua–Perada*, 896 F.2d 1154, 1156 n. 2 (9th Cir.1990). Thus, trial court decisions ordinarily become final and unreviewable when the time for appeal and reconsideration has expired.

Although the expiration of the time for appeal may signify finality in federal trial courts, appellate courts must follow procedures for issuing judgments not required of trial courts. In the present case, the district court was sitting as a court of appeals pursuant to 18 U.S.C. § 3401. The legitimacy of an expectation of finality of an appellate order depends on the issuance or not of the mandate required to enforce the order. We have stated that "[u]ntil a mandate is issued, a case is not closed. The parties may petition the court for a rehearing." *United States v. Ross*, 654 F.2d 612, 616 (9th Cir.1981), *cert. denied*, 455 U.S. 926, 102 S.Ct. 1290, 71 L.Ed.2d 470 (1982). The jurisdiction of the court of appeals does not terminate until issuance of the mandate. *See Sgaraglino v. State Farm Fire & Casualty Co.*, 896 F.2d 420 (9th Cir.1990); *United States v. Rivera*, 844 F.2d 916, 921 (2d Cir.1988). A court of appeals may modify or revoke its judgment at any time prior to issuance of the mandate, sua sponte or by motion of the parties. Thus, finality of an appellate order hinges on the mandate, as does a defendant's expectation of finality.

### 2) Finality Under the Present Circumstances

Because the district court was sitting as a court of appeals the scope and procedure of its review was the same as that of the court of appeals. Local Rule 404–4 (D.Haw.); *see* 28 U.S.C. § 636(c)(4). The district court withdrew its opinion 48 days after issuing it. No mandate ever issued in this case. Because the reversal was withdrawn prior to the issuance of the mandate, the district court action ordinarily

---

**1.** Of course, a district court also has other more limited powers to modify judgments such as to correct clerical errors, Fed.R.Crim.P. 36, to arrest judgment *on motion by defendant*, Fed.R.Crim.P. 34, or to correct a sentence for changed circumstances, Fed.R.Crim.P. 35(b).

would be permissible by a court subject to appellate procedure.

The difficulty presented by this case arises from the failure of district courts generally to issue mandates even when reviewing a magistrate's decision as an appellate court. The clerk of the district court attested to the fact that there was "no written procedure" for issuing mandates. The appellate rules require the clerk to issue the mandate automatically after 21 days unless the time is altered by an order of the court. Fed.R.App.P. 41(a). Here no mandate was issued, no order staying the mandate was filed, and the court had no established procedure for issuing mandates. We elect not to ignore actual practice and procedure even though the practice may be open to question. The district court in actual practice does not use mandates to signify the finality of the opinion. Opinions are therefore treated and regarded by the parties and the court as being final when the time for appeal has expired. We therefore hold in this instance that the district court was bound by the procedure it actually utilized in determining the finality of its orders.

The government could have petitioned for appeal within 30 days after "entry of judgment or order appealed from." Fed.R.App.P. 4(b). There is no allegation of excusable neglect. The reversal order entered on the docket on January 17, and withdrawn on March 6, was therefore 16 days late. *See* Fed.R.App.P. 26(a). The time for appeal had expired and Foumai had "completed" his sentence on the affirmed conviction by paying the fine. We hold that Foumai had acquired a legitimate expectation of finality in his reversed conviction that barred the district court's subsequent withdrawal.

■ The government argues that the withdrawal order was not a "final" order necessary to satisfy appellate jurisdiction under to 28 U.S.C. § 1291. We understand but reject the argument. The appeal was properly before us. Double Jeopardy challenges raise special concerns that deserve immediate appeal to prevent the defendant from being subjected to further proceedings in violation of constitutional rights. *See Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041–42, 52 L.Ed.2d 651 (1977); *United States v. Baptiste*, 832 F.2d 1173, 1174 (9th Cir.1987). If, as the government argues, the district court's decision may be amended at any time, neither the reversal order or the withdrawal order would ever have been final. In light of the unique procedural context of the district court's actions, we hold that Foumai's appeal is permissible.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.