**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Erik Bowers RYBERG, Defendant–Appellant.**

**No. 94–30069.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1994.

Decided Jan. 6, 1995.

Paul William Vogel, Sandpoint, ID, for defendant-appellant.

Kim R. Lindquist, Ronald D. Howen, George Breitsameter, Asst. U.S. Attys., Boise, ID, for plaintiff-appellee.

Before NOONAN, O'SCANNLAIN and LEAVY, Circuit Judges.

NOONAN, Circuit Judge:

Erik Ryberg appeals his conviction of a violation of 36 C.F.R. § 261.3(a) and (c), issued by the Secretary of Agriculture under the authority of 16 U.S.C. § 551. We affirm the judgment of the district court.

## FACTS

On August 2, 1993 David Magers, a law enforcement officer within the U.S. Forest Service protecting the Nez Perce National Forest in Idaho, was instructed by his supervisor Special Agent Lorney J. Deist to deliver an emergency message regarding the death of a relative to one David Pacheco. The message had arrived at the post office in the small town of Dixie, Idaho. Pacheco was believed to be with a group of Earth First! activists encamped several miles from Dixie near the National Forest. It is customary for the Forest Service to deliver such messages. On Deist's instruction, Magers, accompanied by his fellow officer Keith Granrud, drove to the encampment and entered the area where the Earth First! group was located. Magers and Granrud were in uniform, driving a Forest Service vehicle. They were greeted rudely and told to leave. As they were leaving, Ryberg threw himself under their vehicle. They got out and removed him and again tried to leave. Again, Ryberg put himself under the vehicle, preventing their exit.

## PROCEEDINGS

On August 4, 1993, an information was filed in the district court charging Ryberg with a violation of 36 C.F.R. § 261.3(a) and (c). Trial followed before the district court sitting without a jury. The district court was uncertain whether the land in which the incident occurred was part of the National Forest, but was certain that it was adjacent to the National Forest. The district court found that the two Forest Service Officers had gone there "within the performance of their official duty" and that they were delayed from moving from the premises by the actions of the defendant. Accordingly, the district court found the defendant guilty, sentenced him to six months imprisonment, of which four months were suspended, and fined him $500.

Ryberg appeals.

## ANALYSIS

Ryberg concedes that the district court had jurisdiction under 18 U.S.C. § 3231. He contends that it was not proved beyond a reasonable doubt "that the actions of the Government Agents in entering onto or leav-

ing private property were reasonably necessary to protect adjacent Federal property" and that, therefore, an element of the offense was not proved. He vigorously presses the contention that, in order to establish an offense under the regulations and pertinent statute, the government must show that the Forest Officers were protecting the National Forest.

██ It is axiomatic that criminal statutes, including even regulations creating petty misdemeanors, are to be strictly construed; and that in doubt as to the law, we should follow the rule of lenity. However, in this case the regulation is clear that it is criminal to interfere with a Forest Officer "engaged in or on account of the performance of his official duty in the protection, improvement, or administration of the National Forest System." The regulation is consistent with the statute authorizing it which permits regulation of the use of the National Forests and to preserve them from destruction. 16 U.S.C. § 551.

██ The only substantial question is whether Magers and Granrud were performing an official duty in the administration of a National Forest when they undertook to leave after delivering the emergency message to an Earth First! encampment on land adjacent to the National Forest. The testimony of Magers was unequivocal that he was on duty in delivering the message and in leaving; and duty means "official duty." It would be strange if the case were otherwise. It was not a frolic of his own or a simple desire to be friendly that led to his mission. He acted at the direction of his supervisor. Of course he was doing his duty.

The question may be pressed, "Did delivery of the emergency message contribute to the administration of the National Forest?" That kind of question, in the context of this case, was answered by the supervisor's decision to send Magers. It was the supervisor's judgment that it did contribute to the administration of the National Forest to send Magers with the message, especially so at a time when there was hostility between the Earth First! activists and the loggers, so that maintenance of the peace was beneficial to the National Forest. Ryberg cannot successfully argue that this kind of administrative deployment of Forest Service officers was not germane to the protective mission of the Forest Service.

██ Ryberg also argues that there was a more appropriate federal statute under which he could have been charged, 18 U.S.C. § 111. But it is no objection to a criminal conviction that the offense could have been differently described and successfully prosecuted in another way.

AFFIRMED.