141 F.3d 1351
 98 Cal. Daily Op. Serv. 2842, 98 Daily Journal
D.A.R. 3927
Jimmy Lee MILES, Petitioner-Appellant,
v.
Jerry STAINER, Warden; James H. Gomez, Director, California
Department of Corrections, Respondents-Appellees.
 No. 97-16743.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 9, 1998.*
Decided April 17, 1998.
 
 Ann C. McClintock, Asst. Federal Defender, Sacramento, CA, for Petitioner-Appellant.
 Robert P. Whitlock, Deputy Atty. Gen., Fresno, CA, for Respondents-Appellees.
 Appeal from the United States District Court for the Eastern District of California; Robert E. Coyle, Chief Judge, Presiding. D.C. No. CV-94-05003-REC.
 Before: WOOD, Jr.,** HALL, and O'SCANNLAIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following a remand from this court, California state prisoner Jimmy Lee Miles appeals the district court's denial of his motion for an immediate order granting habeas relief. We affirm.
 
 
 2
 * In Miles' previous appeal, a different panel of this court reversed the district court's denial of habeas relief, holding that the state court had violated due process by failing to conduct a competency hearing before it accepted Miles' pleas of guilty to state kidnapping and robbery charges. Miles v. Stainer, 108 F.3d 1109, 1113 (9th Cir.1997). The panel remanded the action to the district court "with instructions to grant the writ [of habeas corpus] unless the state trial court conducts a hearing within 60 days to determine whether Miles was competent at the time he pled guilty to the charges against him." Id. at 1114.
 
 
 3
 The parties agree that the state court competency hearing commenced no later than June 13, 1997.[1] Miles contends, however, that the hearing had to commence within sixty days of March 11, 1997, the filing date of the previous panel's opinion, and that the district court erred when it failed to order his release after sixty days had elapsed without a hearing. Appellees respond that the sixty-day requirement was not triggered until April 15, 1997, the date the mandate issued in the previous appeal, and that the June 13, 1997, hearing was therefore timely.
 
 II
 
 4
 There is, of course, no particular date from which a deadline in this court's conditional grant of habeas relief must be measured. Compare Webb v. Lewis, 44 F.3d 1387, 1393 (9th Cir.1994) ("The district court is ordered to issue the writ [of habeas corpus] sixty days from the issuance of the mandate, unless within that time the state of Arizona indicates to the district court its intention to retry [petitioner]."), with Coe v. Thurman, 922 F.2d 528, 532-33 (9th Cir.1990) ("[O]n remand the district court should enter an order stating that the petitioner must be released if the California Court of Appeal has not heard his appeal within 90 days of the filing of this opinion."). Both the date of filing and the date on which the appellate mandate issues are plausible "trigger" dates. The problem in this case is that the previous panel failed to identify any date on which the sixty-day period would begin to run.
 
 
 5
 We hold that, in the absence of an explicit instruction to the contrary, the clock starts when the mandate issues. This "default rule" recognizes that the issuance of the mandate is "an event of considerable institutional significance." United States v. Rivera, 844 F.2d 916, 921 (2d Cir.1988). Until then, this court retains jurisdiction, see Sgaraglino v. State Farm Fire & Cas. Co., 896 F.2d 420, 421 (9th Cir.1990), and is capable of modifying or even revoking a judgment, see United States v. Foumai, 910 F.2d 617, 620 (9th Cir.1990), thereby rendering moot any intervening action by the state court.
 
 
 6
 Were we to hold otherwise, a state court might feel compelled to commence proceedings as soon as we filed an initial opinion. These efforts would be wasted if we subsequently amended the opinion in a material way. Thus, our default rule makes practical sense of ambiguous instructions to state courts. Additionally, by interpreting an ambiguous instruction in the light most favorable to the party whose rights stand to be cut off, our default rule achieves a particularly equitable result.
 
 
 7
 The default rule can, of course, be overridden by the insertion of express contrary language in an opinion. Nevertheless, when such language is missing, we presume that the panel intended to start the clock only upon issuance of the mandate.
 
 III
 
 8
 Applying this default rule, we hold that the April 15, 1997, issuance of the mandate in Miles' previous appeal triggered the sixty-day requirement. The competency hearing that commenced by June 13, 1997, was therefore timely, and the district court properly denied Miles' motion for an immediate order granting habeas relief.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 The parties dispute whether a state court proceeding held on May 9, 1997, within sixty days of both the filing and mandate dates, marked the commencement of Miles' competency hearing and thus satisfied the sixty-day requirement. Because we hold that even the June 13, 1997, hearing was timely, we need not address this dispute