**Dale Michael HANSON, Petitioner–Appellant,**

v.

**Mike MAHONEY, Warden, Respondent–Appellee.**

No. 02–35795.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2003.

Opinion Filed July 18, 2003.

Withdrawn Jan. 28, 2004.

Michael Donahoe, Federal Defenders of Montana, Helena, MT, for petitioner-appellant.

Carol E. Schmidt, Helena, MT, for Respondent–Appellee.

Before B. FLETCHER, BRUNETTI, and McKEOWN, Circuit Judges.

**ORDER**

The opinion filed on July 18, 2003 is withdrawn. A majority of the panel has voted to reconsider its decision in this case. The panel is presented with a significant claim of conflict between petitioner and his counsel on appeal. Petitioner has informed the court that he no longer wishes to be represented by counsel appointed by the district court. Petitioner is hereby ordered to inform the court by February 13, 2004, whether he wishes to proceed *pro se* or whether he requests appointment of counsel. The clerk shall enter an order setting a schedule for rebriefing of this appeal. If Petitioner chooses to be represented by new appointed counsel, the clerk shall enter an order designating and appointing counsel.

The Clerk shall serve this order on appellant individually, at Dale Hanson, # AO37112, 700 Conley Lake Road, Deer Lodge, Montana, 89722.

BRUNETTI, Circuit Judge, dissenting:

I dissent from the order withdrawing the opinion. There is no basis for this action because there was no error in our opinion. As the following discussion relates, the majority is simply giving Hanson a second habeas challenge within this appeal and the option of new counsel, and he is not entitled to either.

Following denial of habeas relief at the district court, Hanson filed his notice of appeal on April 26, 2002. He requested a certificate of appealability ("COA") as to his *Weaver* retroactivity argument and his ineffective assistance of counsel claims. *See State v. Weaver*, 290 Mont. 58, 964 P.2d 713 (1998) (finding jury instruction in error for not requiring unanimous verdict as to at least one specific underlying act). On August 16, 2002, the magistrate judge declined Hanson's request for review by an Article III judge and issued a COA only for Hanson's *Weaver* unanimity argument. Hanson did not challenge the scope of the COA.

Hanson appealed and oral arguments were held by this court in June 2003, and we issued our opinion on July 18, 2003. In our decision, we affirmed the magistrate judge and concluded that magistrate judges can issue a COA. *Hanson v. Mahoney*, 338 F.3d 964, 967–69 (9th Cir.2003). In affirming the magistrate judge's decision that the *Weaver* rule was barred, we concluded that M.C.A. § 46–21–105 was clear, consistently applied and well established from 1995 to 1997 and thus barred Hanson's claim. *Id.* at 969–70. Next, we concluded that the default was not excused by prior counsel Ed Sheehy's conflict of interest because any conflict of interest arose after Hanson's direct appeal. *Id.* We also specified that no claims for direct relief due to Sheehy's ineffectiveness were before the court. *Id.*

On July 30, 2003, Hanson's appointed counsel, Michael Donohoe, filed a petition for rehearing and petition for rehearing en banc (PFR/PFREB) contending, as he did on appeal, that (1) Sheehy's conduct amounted to a conflict that demonstrates cause; and (2) under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the unanimity rule announced in *Weaver* ought to be applied retroactively.

Also on this date, the court received a letter from Hanson. In this letter, Hanson complained bitterly about all the attorneys that have represented him, attacked the justice system, and made unsupported claims of innocence. Specifically, as to Donohoe, he alleged that Donohoe refused to challenge the scope of the COA to include his prior contentions of ineffective

assistance of counsel, and also contended that Donohoe failed to present an ineffective assistance of counsel claim regarding attorney Sheehy to the district court. He restated that failure to consider these claims will result in manifest injustice. At no point in this letter did Hanson request a new attorney be appointed. *See* Hanson's July 30, 2003 Ltr., attached in the Appendix to this dissent, Item 1.

On September 4, 2003, the panel ordered that Hanson's letter be filed, and that Donohoe had 14 days to respond to the letter.

Donohoe filed his response, under oath, on September 11, 2003. In essence, Donohoe contended that he was appointed to help Hanson proceed with his habeas petition and, in that regard, he determined that there was no merit to Hanson's ineffective assistance of counsel claims, both those raised and not raised in his direct appeal, because they were procedurally barred. As such, he pursued the claims that he thought had the most merit.

Also, on September 11, 2003, Hanson submitted a letter making similar complaints about his prior attorneys and the justice system. He also accused Donohoe of perjury and stated that Donohoe never consulted him about the claims he was going to pursue on Hanson's behalf. *See* Hanson's September 11, 2003 Ltr., Appendix Item 2.

On October 26, 2003, the panel received another letter from Hanson that contained more threats and complaints and also indicated that he had informed this court, the United States District Court, Mr. Donohoe, and Mike McGrath, the state attorney general, that he had terminated Donohoe as counsel due to his ineffective assistance and for committing perjury to this court. He states that he also asked that his complete file be sent to a friend so that he can proceed pro se. *See* Hanson's October 26, 2003 Ltr., Appendix Item 3.

Most recently, we received another letter from Hanson dated January 2, 2004 inquiring as to the status of the PFR/PFREB, and informing the court that he terminated Donohoe as counsel on September 29, 2003 for his perjury to the court. *See* Hanson's January 2, 2004 Ltr., Appendix Item 4.

At this juncture, the majority of the panel vacates our opinion, orders Hanson to inform the court by February 13, 2004, whether he wishes to proceed pro se or whether he requests appointment of counsel, and orders that a schedule for rebriefing be set for this appeal. There appears to be only two vehicles available to achieve this result: (1) withdraw the opinion without mentioning the PFR/PFREB and in doing so effectively grant a habeas petition *sua sponte* at the appellate level based upon Hanson's unsworn allegations contained in his recent letters to the court (contained in the Appendix to this dissent); or (2) grant the PFR/PFREB. As set out below, no authority exists for either of these options.

As to the first, the withdrawal of the opinion is not supported by the record in this case. While this court retains jurisdiction and may *sua sponte* withdraw an opinion and order rehearing until a mandate issues, there are no grounds to do so here because there has been no showing in the PFR/PFREB that our first opinion was in error and it is improper to consider Hanson's unsubstantiated allegations. *See United States v. Foumai*, 910 F.2d 617, 620 (9th Cir.1990).

If the majority wishes to vacate the opinion by granting the PFR/PFREB filed by Donohoe, this fails for similar reasons. Chiefly, the PFR/PFREB simply recycled arguments that were raised and rejected in Hanson's appeal. It presents no grounds for rehearing under Fed. R.App. P. 40.

Finally, regardless of what route is chosen for vacating the opinion, it is inappropriate to appoint new counsel since Hanson is not entitled to appointed counsel on habeas and has not requested counsel. *See Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir.1986) (specifying that state prisoners have no right to appointed counsel on habeas "unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations"); *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (holding that a defendant has a constitutional right to proceed without counsel if he so requests). As discussed above, he has stated that he wants to proceed pro se and represent himself. In fact, Hanson's course of conduct since his trial has been to repeatedly challenge all of his counsel as being ineffective. *See* Appendix Item 1, 1st ¶. Hanson has asked to proceed pro se and our new order violates that request by inviting Hanson to ask for counsel. Such action will undoubtedly produce another challenge to whatever a new counsel may do.

Under the circumstances of this case, it is inappropriate for this court to withdraw the opinion on file and to order appointment of counsel and rebriefing.

This order establishes an unsupported and bad precedent.

## APPENDIX

Item 1 ............ Hanson Letter, July 30, 2003

Item 2 ...... Hanson Letter, September 11, 2003

Item 3 ......... Hanson Letter, October 26, 2003

Item 4 .......... Hanson Letter, January 2, 2004

884

To: Clerk of Court U.S. Court of Appeals 9th Circuit
From: Dale Michael Hanson

Case #: 02-35795                                      July 5, 2003

Clerk,

[illegible handwritten text] the court [illegible] to the ineffective assistance of my current counsel Michael Gimbel and all previous counsel involved in this case. I have repeatedly insisted that Mr. Gimbel adjust the issues to my ineffective assistance of counsel claim, to which he has refused to do so repeatedly. He tried to get me to sign [illegible] that would prevent [illegible] from even bringing the ineffective assistance claim in any future Habeas corpus proceeding, to which I adamantly refused to sign. He has thereby abridged my right to due process and denied me equal fair access to the [illegible] proceeding, in the purpose and preventing my habeas claim from fairly [illegible] courts [illegible].

In the Seventh Court denial of my Certiorari [illegible] (July 18, 2003). On page 9975 it states: "We may grant a request for a COA on any issue if the petitioner makes a substantial showing of the denial of a constitutional right." That is, if a petitioner shows that reasonable jurists could debate whether the petition should have been resolved in a different manner; or that the issues presented were adequate to deserve encouragement to proceed further." On page 9876 [illegible] it states: "Because Hanson has not challenged the scope of the COA received, we do not consider whether a COA might issue on [illegible] other claims for relief." [illegible] Mr. Donahue has failed to challenge the scope of the COA denied so the Court could possibly decide it on the ineffective assistance of trial counsel for failure to call my witnesses at the trial or present material evidence that would likely prove my innocence, i.e. Tape recorded evidence and affidavits not presented by my trial attorney, Direct appellate attorney,

-1-

RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

... Mr. Sheehy on plea's exposition, or Mr. Donahoe on habeas corpus.

On page 9 of the opinion ... procedural default is excused if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Hanson does not allege that failure to consider the claim will result in a fundamental miscarriage of justice.

Dale Hanson did not allege that failure to consider his ineffective assistance of counsel claims will definitely result in a fundamental miscarriage of justice if not considered.

The court's opinion admits that no claims for relief based on Sheehy's involvement in the case is before us and we do not say that any additional arguments that Sheehy might have raised regarding Hanson's appeal on direct appeal would have excused the failure to raise Hanson's claims on direct appeal.

Mr. Donahoe has still not raised a claim for relief based on Sheehy's involvement in the case regarding my counsel on direct appeal that would excuse the failure to raise any claims on direct appeal even though I've asked and the court stated it is their opinion.

I have repeatedly tried to get the court's attention numerous times but to no avail. I will be very blunt and to the point. I have been locked up for 8 years for a crime. I am no more guilty of than God himself or you are. This entire phony mess is one big lie made up by Flathead County and Emi Gregg to keep from being sued for libel and slander by me. They cannot make it true, no matter what anyone says or does. The truth is the truth and that is all it needs to be ... if the courts are not going to do something

-2-

about this injustice, this state will "either" be keeping me locked up for life in their dungeons for the rest of my life for a crime I did not commit or they will eventually have to kill me in order to get away with this crime of theirs they have committed, scot free. I did nothing wrong in any way to deserve this and they know it. If given the chance I could prove it. That is why they have eliminated important testimony of both Eric and Aaron's from the record that would have helped with the appeals and inserted numerous other false sceneries that were not even presented at the trial. I have plenty of witnesses who were present at the trial to prove it and numerous affidavits written by witnesses that I've repeatedly tried to present to the courts but again to no avail. My mail is constantly being censored here by the prison staff to keep me from getting any help for this injustice.

The petition for rehearing is deficient for all the above stated reasons and I'm asking the court to intervene and do something about this, to prevent a fundamental miscarriage of justice. It would be greatly appreciated if you would please send me a copy of the docket sheet to see if my last motion to the court was received and if any new developments have recently occurred that I've not been informed of. It will also serve as a confirmation that this reached you.

Thank you for your time and patience in helping me.

Sincerely,

Dale Hanson #37712
700 Conley Lake Rd.
Deer Lodge, MT 59722

887

To: Clerk, U.S. Court of Appeals for the 9th Circuit
From: Dale Hansen
Case # 02-35795                    Sept 11, 2003

Dear Clerk,

I received the court's response dated Sept 4th, 2003 ordering Mr. Donahoe to file a response to my letter on July 30th, 2003, within 10 days. Today, Sept 11th, 2003, I received Mr. Donahoe's response to that order, under the penalty of perjury.

Mr. Donahoe has committed perjury in his response to this court on page 2 & 3 which he falsely states "In light of the Magistrate Judge's August 29th directive, the undersigned consulted with petitioner. During this consultation, the undersigned expressed the opinion that any of the "potential" IAC claims that petitioner might bring (including the six contained in petitioner's pro se petition already on file) were not worth pursuing." Mr. Donahoe never consulted with me whatsoever on what issues he decided to present to the U.S. District court on November 1, 2000 and December 29th, 2000. I had no say what soever to do until after I did it. This is a blatant lie and perjury to this court that he stated he consulted me concerning the issues to be presented. As with all the attorneys on this case, I've had no say in what or how it was presented to the courts. It is obvious that every attorney that has been in this case has been doing whatever is necessary to default and help the corrupt thugs of Flathead County get away with this injustice in order to keep this phony so called justice system from being exposed publicly and held accountable for this crime of theirs. Since I have been locked up for over 8 years for this phony injustice, there has been

-1-

nothings I can do about it ever. However, my family and friends are currently sending all the important information about this injustice to numerous news sources and watch-dog agencies across the country in an effort to get the public's attention on what has been maliciously done to me by the corrupt thugs of this phony so-called justice system. A copy of the affidavit, polygraph test, evidence, etc. are also being sent to the President of the U.S. George W. Bush to see if he will have the moral and ethical integrity to intervene. The Montana Attorney General Mike McGrath also received copies of all of it and letters explaining this mess last month. So he knows too. If this court fails to intervene in this injustice and the media or the President refuses to do anything, then I will have no choice but to resign myself to accepting the fact that I will be locked up for the rest of my life until they kill me for a crime I did not commit. This phony mess is not just going away because everyone refuses to see that justice is done. There will never be a productive place in society for me ever again as long as these crooked, corrupt Nazi Bastards of Flathead county are allowed to get away with this crime of theirs against me. If I ever do get the chance at my freedom and they are still allowed to get away with this crime of theirs scot-free, I will hunt down as many of the crooked, corrupt Nazi Bastards of Flathead county that are responsible for orchestrating this phony mess as I can get to before they put me in a body bag. I did nothing wrong to deserve this in any way and as long as I'm still alive on this earth, they will all pay for this crime of theirs one way or another unless they kill me or

-2-

unless someone with the authority has the moral and ethical integrity to intervene. I could have been out of here over three years ago if I would have been willing to admit guilt to this phony mess after the Montana Supreme Courts sentence review board suspended half the sentence in 1998, changing the discharge date to July 2000. The parole board even tried to get me on parole in Nov. 2000 so the habeas corpus would become moot. But some people do the right thing for no other reason than its the right thing to do. And doing the right thing usually means doing the hardest thing. There seems to be nothing for me to do at this point but wait to see if this court or someone with some integrity will do something about this injustice.

I Dale Hanson do hereby ask this court to impose sanctions on Mr. Donohoe for perjury and intervene in this case to prevent a miscarriage of justice from being done any further.

Thank you for your time.

Sincerely,

Dale Hanson #37712
700 Conley Lake Road
Deer Lodge, Montana
59722

-3-

TO: U.S. Court of Appeals for the Ninth Circuit

FROM: Dale Hanson

October 26, 2003

Enclosed is a copy of the order issued by the U.S. District Court in Missoula, Montana that I received on October 15th 2003.

[illegible] September 17th 2003, I sent this court a letter stating that Mr. Donahoe has committed perjury to this court in his response to this court's September 5th 2003 order and I asked this court to impose sanctions for his perjury and ineffective assistance of counsel. On September 21st 2003 I wrote to the U.S. District Court in Missoula, Montana explaining all this to that court and also asked them to impose sanctions on Mr. Donahoe for perjury. I also sent this court a copy of that letter. A copy of that court's order is enclosed with this letter.

On September 21, 2003 I wrote to this court and the U.S. District Court, Mr. Donahoe and Mike McGrath the attorney general, informing everyone that Mr. Donahoe has been terminated as counsel in representing me on this case. I due to his ineffective assistance of counsel and for committing perjury to this court. I also asked this court to issue an order directing Mr. Donahoe to give my complete file to a friend in the [illegible] so it can be mailed. Also, in that letter I asked for a current copy of the docket and would see what papers have been filed that I have not been informed of. On the last docket sheet I received (September, 2003) there were several documents that were not listed at all this, so will please tell me why and include them all in a complete one for me so I will be informed of what is happening with my case? Your attention to these matters would be greatly appreciated.

- 1 -

I have suffered from severe mental anguish, in other matters, humiliation and embarrassment, denial of reputation, and a loss of earnings because of what the crooked corrupt thugs and thieves of Flathead County and the state have maliciously done to me.

All of my family and friends have stood by me faithfully throughout this ordeal, even to this very day, because they all know I've done nothing wrong in any way to deserve this, and they all realize that they themselves could become this crooked corrupt so called justice systems next victims just as easily as I have. After what we have all been through with this corrupt phony so called justice system, we all fully understand now why the rest of the world hates America, and why there is so much hate and discontent in this country. And it's not because they hate the American people so much as it is they hate the greed and corruption of this so called justice system that doesn't give a damn about the truth, justice, or peoples constitutional rights to due process any more than Hitler or Osama Bin Laden and his terrorists. These crooked corrupt Nazi bastards of Flathead County and the state of Montana are worse than terrorists because they are all hiding behind the perfect cloaks of truth, liberty and justice for all when they could care less. The Constitution means less to them than toilet paper. They are all about ripping off as many innocent people and their families for as much $ as possible and fleecing the general public for big big bucks and they have been getting away with it simply because there is no one to stop them. Their greed and corruption is running rampant, destroying the social fabric of our society. They have been operating in their lawless labyrinths of power unchecked for so long that they can no longer tell right from wrong or justice

-2-

from justice and ... while they grow more and more corrupt. There is so much about this injustice that the federal courts don't even know about because of the greed, corruption, and the power of the states to make up whatever they feel necessary or omit to help them get away with their crimes against innocent people in order to keep from being exposed publicly and held accountable for their actions. A trial defendant has a constitutional right to present witnesses and evidence that would aid him in his defense or prove his innocence. It is simply unfair to require a defendant to defend against prejudicial accusations while being denied the ability to present testimony from witnesses that would assist him in contradicting those accusations. Yet I have been denied these basic fundamental Constitutional Rights to due process from the very beginning of this phony mess to this very day. Yet what can an indigent innocent person do about it when their don't when the entire system works against him & getting away with their crime? This is more than just about me. It is about all American citizens in this country and our constitutional rights being denied and violated by corrupt thugs and thieves who have been entrusted with some power by the public.

Compromising the truth no matter how trivial, does something to all of us. Establishing a pattern wherein dishonesty is accepted as a normal way of life from this so called justice system is not an option. Government exists for the peoples convenience, not the other way around. I have been locked up for over 8 years for a crime I did not commit and unless someone with the authority intervenes, they will eventually have to execute me in order to get away with this crime of theirs against me no matter how long it takes.

—5—

894

I guarantee you that so many of these and other grievances [...] this court to [...] on [...] Donahoe for perjury and [...] of counsel and [...] to interview. I still have not heard anything from the court at all since. The U.S. District Court promptly addressed my letters to them concerning all this but they do not have jurisdiction at this point. It would be greatly appreciated if you would please send me a copy of the docket sheet to the present date so I can [...] see if any new documents have been filed that I'm not aware of, and to let me know of any letters or [...] being received by this court [...]

Thank you for your time and assistance in helping me [...]

Sincerely,
Dale Hansen #97712
700 Conley Lake Road
Deer Lodge, Montana
59722

-4-

TO: Clerk, U.S. Court of Appeals For the 9th Circuit
From: Dale Hanson
Case # 02-35795 January 2, 2004

RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS
JAN - 5 2004
FILED
DOCKETED

Clerk of Court,

My case is currently before this court pending a decision on the petition for rehearing submitted on 7-29-03, to which I still have heard nothing about. (Docket #47)

I terminated counsel on Sept 29, 03 for his perjury to this court in his response to the courts order of Sept. 4, 03; (Docket #50) and for his ineffective assistance of counsel, which I also have not heard anything from the court or counsel. Not even a response that my letters were received.

I would like to request a current copy of the Court Rules for the Rules of the Judicial Council Governing Complaints of Judicial Misconduct or Disability. I would also request a copy of the Supplement Guidelines for the Administration of The Criminal Justice Act and Guide to Judiciary Policies and Procedures.

A copy of the docket sheet to the current date on my case would also let me know if any new documents have been filed that I'm not aware of. Your attention to these matters as soon as possible would be greatly appreciated.

Thank You! for your time and patience in helping me.

Sincerely,

Dale Hanson #37712
700 Conley Lake Road
Deer Lodge, Montana
59722