UNITED STATES of America,
Plaintiff—Appellee,

v.

Randall G. MARK, Defendant—
Appellant.

No. 03–30382.
DC No. CR 02–009 DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Dec. 21, 2004.

Joshua A. Van de Wetering, Esq., USMI–Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Edmund F. Sheehy, Jr., Esq., Helena, MT, Defendant–Appellant.

Before SCHROEDER, Chief Judge, BROWNING, and TASHIMA, Circuit Judges.

MEMORANDUM **

Randall G. Mark appeals the district court's affirmance of his conviction under 36 C.F.R. § 261.3 for resisting a Forest Service officer engaged in the performance of his official duties. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, Mark contends that the Forest Service officers were not acting within

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

their official duties when they made the arrest and that therefore Mark was not in violation of 36 C.F.R. § 261.3(a). *See id.* (prohibiting "[t]hreatening, resisting, intimidating, or interfering with any forest officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System"). We review a district court's interpretation of a regulation de novo. *United States v. Bucher,* 375 F.3d 929, 931 (9th Cir.2004). At the time of Mark's arrest, the arresting Forest Service officers were on duty and investigating the obstruction of a Forest Service road, where Mark was warming himself over a small fire in the middle of the road. Also, Officer Moullet testified that he believed he could have arrested Mark for standing in the middle of the blocked roadway. *See United States v. Willfong,* 274 F.3d 1297, 1300–01 (9th Cir. 2001) (noting that, even if the administrative order was unlawful, the arresting officer relied in good faith on the validity of the order). We therefore conclude that the Forest Service officers were acting within their official duties when they made the arrest. *See id.* at 1300 (explaining that, for purposes of 36 C.F.R. § 261.3(a), Forest Service officer performs official duties where the officer is on duty and performing an act that "contributes to the protection, improvement, or administration of the National Forest"); *United States v. Ryberg,* 43 F.3d 1332, 1334 (9th Cir.1995) (explaining that Forest Service officer's official duties are those that officer performs while on duty rather than on a "frolic of his own").

Next, Mark contends that the evidence adduced at trial was insufficient to sustain his conviction for violating 36 C.F.R. § 261.3(a). We review de novo a sufficiency of the evidence claim. *Bucher,* 375 F.3d at 934. We conclude that, viewed in the light most favorable to the prosecution, the evidence supported the findings that the arresting officers were investigating an illegal obstruction of a National Forest road and that the officers arrested Mark as a suspect in the road blockage. *See id.* (stating that evidence is insufficient if, when it is viewed in the light most favorable to the prosecution, a rational trier of fact could not have found the elements of the crime proved beyond a reasonable doubt). Thus, a reasonable trier of fact could have found that Mark's arrest related to the performance of "official duties in the protection, improvement, or administration of the National Forest System." *See* 36 C.F.R. § 261.3(a).

The district court's affirmance of Mark's conviction is therefore AFFIRMED.