UNITED STATES of America, Plaintiff–Appellee,

v.

Meryam ZISLOVICH, Defendant–Appellant.

No. 04–10563.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 2005.

Decided Sept. 16, 2005.

Karen A. Escobar, Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Marc C. Ament, Esq., Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: CANBY and HAWKINS, Circuit Judges, and DUFFY,* Senior District Judge.

### MEMORANDUM **

Meryam Zislovich appeals her conviction for interfering with agency functions. *See* 36 C.F.R. § 2.32(a)(1). Zislovich contends that (1) her conviction violated the First Amendment because the ranger arrested her solely because she engaged in constitutionally protected expression—tearing up

---

\* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

her citation, (2) the ranger did not have authority to arrest her, and (3) the ranger was no longer engaged in official duties after he issued her the citation and therefore she could not have interfered. We affirm.

## I. NOTICE OF APPEAL

■ The government initially argues that this appeal is untimely. It is not. Zislovich's notice of appeal was timely because the district court, sitting as an appellate court, reissued its decision. Rule 4(b) states that a criminal defendant's notice of appeal must be filed within ten days of "the entry of either the judgment or the order being appealed." FED. R.APP. P. 4(b)(1)(A). On the good cause shown—i.e., the motion and affidavit of Zislovich's counsel stating that he did not receive notice of the judgment—the court reissued its decision. The government did not object to the motion.

The district court's actions did not violate Rule 4(b)'s plain language. The district court was sitting as an appellate court and appellate courts generally may reissue their mandates. *See United States v. Foumai*, 910 F.2d 617, 620–21 (9th Cir.1990); *see also Calderon v. Thompson*, 523 U.S. 538, 549–50, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). A timely appeal was taken from the reissued decision.

## II. FIRST AMENDMENT

■ Zislovich's First Amendment rights were not violated. After Zislovich ripped up her citation, threw it on the ground, and began to walk away, the rangers decided to arrest her. The district judge found that the rangers did so because Zislovich's actions—coupled with her previous behavior—manifested an intent not to appear or pay the citation. We agree.

The rangers had probable cause to arrest Zislovich, with or without the ticket shredding.[1] *See Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1080 (8th Cir.1990) ("If [the officer] believed that [the defendant] had committed a misdemeanor by refusing to move his car, and therefore had probable cause to arrest, it is immaterial that [the officer] also thought, perhaps mistakenly, that he had probable cause to arrest Foster for verbally abusing him or tearing up the parking ticket."); *see also Devenpeck v. Alford*, —— U.S. ——, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004) (concluding that officers' stated reasons for arrest are irrelevant so long as probable cause supports the arrest); *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (concluding that officers' subjective intents when investigating and arresting are irrelevant so long as probable cause supports the arrest).

The district court properly found a reasonable basis for the rangers' conduct wholly unrelated to the suppression of speech (to the extent that shredding a ticket so qualifies), and sufficient evidence supports Zislovich's conviction. *See, e.g., United States v. Willfong*, 274 F.3d 1297, 1304 (9th Cir.2001) (affirming conviction for interfering with agency functions because defendant refused to stop logging despite the ranger's orders).

## III. AUTHORITY TO ARREST

■ The rangers had authority to arrest Zislovich, for a variety of reasons. The rangers have authority to investigate and make warrantless arrests for offenses

---

1. We review de novo whether probable cause justified Zislovich's warrantless arrest. *United States v. Carranza*, 289 F.3d 634, 640 (9th Cir.2002). We also review de novo the district court's ruling on the motion for acquittal. *See United States v. Atkinson*, 990 F.2d 501, 502–03 (9th Cir.1993) (en banc).

committed in their presence. 16 U.S.C. § 1a–6(b). The rangers' policy manual also authorizes arrest when a ranger reasonably believes that the offender will not pay the fine or appear.

When a ranger has the discretion to arrest for a petty misdemeanor committed in his or her presence, the ranger may exercise that discretion.[2] *See Atwater v. City of Lago Vista,* 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001). The bail schedule does not defeat this conclusion. The schedule requires mandatory appearance for interfering with agency functions.

## IV. OFFICIAL DUTY

The rangers' official duty did not end with the attempted issuance of Zislovich's citation. Zislovich does not claim that the rangers were unauthorized to investigate the continuing offenses. *See* 16 U.S.C. § 1a–6(b). Even after the rangers handed Zislovich her citation, her car still was in an unauthorized area. *See* 36 C.F.R. § 4.10(a). The rangers' duty continued at least until Zislovich remedied the violation. Furthermore, after they issued her the citation, she ripped it and threw it on the ground before they adequately explained it. It thus was proper for the rangers to reissue the citation (or make an arrest). *See, e.g., United States v. Ryberg,* 43 F.3d 1332, 1334 (9th Cir.1995) (concluding that forest ranger was engaged in official duties while leaving the area where he had been instructed to deliver a message to a group of protestors).

**AFFIRMED.**

---

**2.** Zislovich does not dispute that she committed the offenses of camping outside a designated area, littering, and interfering with agency functions in the presence of the rangers.