**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Jan SCOTFORD, Defendant–**
**Appellant.**

No. 08–10066.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Filed Dec. 1, 2008.

Daniel S. McConkie, Assistant U.S., United States Attorney's Office, Sacramento, CA, for Plaintiff–Appellee.

Carolyn M. Wiggin, Assistant Federal Public Defender, Federal Public Defend-er's Office, Sacramento, CA, for Defendant–Appellant.

Before: HALL, FERNANDEZ and THOMAS, Circuit Judges.

## MEMORANDUM *

Robert Jan Scotford appeals his convictions for violations of four forest regulations, each promulgated pursuant to 16 U.S.C. § 551. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

We review claims of insufficient evidence "de novo to determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements beyond a reasonable doubt." *United States v. Bucher*, 375 F.3d 929, 934 (9th Cir.2004). We review a district court's interpretation of a regulation de novo. *Id.* at 931.

## I

Sufficient evidence existed to support Scotford's conviction for "[f]ailing to stop a vehicle when directed to do so by a Forest Officer." *See* 36 C.F.R. § 261.10(m). The magistrate judge heard Officer Thompson's testimony that he called Scotford by name and unambiguously told him to stop several times during their chase. Officer Thompson also testified that Scotford repeatedly failed to stop in the face of these directives.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## II

■ Sufficient evidence existed to support Scotford's conviction for "[t]hreatening, resisting, intimidating, or interfering with any forest officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System." *See* 36 C.F.R. § 261.3(a).

"For purposes of 36 C.F.R. § 261.3(a), a forest officer is performing an 'official duty' when the officer is on duty and performing an act that contributes to the protection, improvement, or administration of the National Forest." *United States v. Willfong*, 274 F.3d 1297, 1300 (9th Cir. 2001) (citing *United States v. Ryberg*, 43 F.3d 1332, 1334 (9th Cir.1995)). Actions taken on non-federal land contribute to the protection of the National Forest when they are "reasonably necessary to protect adjacent federal property." *United States v. Arbo*, 691 F.2d 862, 865 (9th Cir.1982) (quoting *United States v. Lindsey*, 595 F.2d 5, 6 (9th Cir.1979)).

Officer Thompson's actions were reasonably necessary to protect adjacent federal forest. He was patrolling near an area closed to vehicle traffic to protect an endangered plant species and the deer migration. He had previously seen Scotford's snowmobile on the boundaries of the closed area, and had once cited him for snowmobiling in the closed area. Thus, trying to make contact with Scotford to ensure he knew of the area's closure "contributed to the protection improvement, or administration of the National Forest," even though Scotford was not then on federal land.

The evidence supporting Scotford's conviction for violating 36 CFR § 261.10(m) also supports his conviction for violating 36 C.F.R. § 261.3(a). In *Willfong*, we held that the failure to obey a forest service officer's order constituted "interference"

under 36 C.F.R. § 261.3(a). 274 F.3d at 1301. Thus, given that Scotford failed to obey Officer Thompson's orders, the magistrate judge rationally found that he violated 36 C.F.R. § 261.3(a).

## III

■ There is also sufficient evidence supporting Scotford's convictions for violating 36 C.F.R. § 261.15(i) and California Vehicle Code § 38301(a), and 36 C.F.R. § 261.56. As charged here, those regulations prohibit possessing or using a vehicle off National Forest System roads "[w]hen provided by an order."

Even assuming those regulations require proof of *mens rea,* a question we need not and do not decide here, the magistrate judge heard evidence that Scotford drove his snowmobile directly past a clearly visible sign explicitly prohibiting motor vehicles. He could thus have rationally found beyond a reasonable doubt that Scotford knew he was entering a closed area.

**AFFIRMED.**