**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10412 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00332-CRB-1 |
| v. | |
| JOSE LUIS ARTEAGA-CENTENO, AKA Jose-Luis Arteaga-Centeno, AKA Jose Luis Arteaga-Velasquez, AKA Jose Artiaga, AKA Jose Luis Artiaga-Centeno, AKA Jose Luis Barrera, AKA Juan Carlos Elvir Barrera, AKA Carlos Dorre-Rodriguez, AKA Carlos Dorre-Rodriquez, AKA Jose Luis Velasquez-Centeno, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted February 1, 2021
San Francisco, California

Before:  SILER,** RAWLINSON, and BUMATAY, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Jose Arteaga-Centeno appeals the district court's order refusing to dismiss his indictment for illegal reentry under 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and reviewing de novo, *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008); *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1261 (9th Cir. 2013), we affirm.

1. Arteaga-Centeno first argues that district court did not have jurisdiction to reconsider its dismissal of the indictment. We disagree. A district court has inherent power to reconsider its own order within the 30-day appeal period. *United States v. Foumai*, 910 F.2d 617, 620–21 (9th Cir. 1990). Here, the district court dismissed the indictment on January 8, 2019. That means the government had until February 8 to move for reconsideration. The government appealed on January 11, but then moved for reconsideration on February 1.

The government was able to move for reconsideration notwithstanding the pendency of the appeal because of Federal Rule of Criminal Procedure 37. That rule allows "a timely motion . . . for relief that the [district] court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Crim. P. 37. Thus, the motion for reconsideration was timely because it was made pursuant to Rule 37 and within 30 days of the district court's order dismissing the indictment. That the government dismissed its appeal instead of waiting for this court to remand, does not change that result. Because the reconsideration motion was made within

2

the relevant 30-day period, the district court had jurisdiction to grant it and reconsider its dismissal order.

2. Arteaga-Centeno next argues that his removal order was invalid and cannot form the basis of a conviction for illegal reentry under 8 U.S.C. § 1326. Specifically, he argues that the Immigration Court's jurisdiction never vested because his Notice to Appear ("NTA") lacked the address of the immigration court where it was to be filed, as well as the time and place of his removal hearing, in violation of 8 C.F.R. §§ 1003.14(a), 1003.15(b)(6), and 1003.18(b). But this argument is foreclosed by our precedent.

In *United States v. Bastide-Hernandez*, we held that "when an NTA is filed, jurisdiction exists and vests with the immigration court." No. 19-30006, 2021 WL 345581, at *2 (9th Cir. Feb. 2, 2021). In other words, "the jurisdiction of the immigration court vests upon the filing of an NTA, even one that does not at that time inform the alien of the time, date, and location of the hearing." *Id.* Here, the Department of Homeland Security personally served Arteaga his NTA while he was in custody. Accordingly, the Immigration Court had jurisdiction.

3. Finally, Arteaga-Centeno raises a collateral attack to his removal. To succeed, he must show that "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the

opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

Arteaga-Centeno cannot carry this burden. "An underlying removal order is fundamentally unfair if an alien's due process rights were violated by defects in the underlying deportation proceeding, and if he suffered prejudice as a result of the defects." *United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010). Here, despite the omission of the date and time of the hearing from Arteaga-Centeno's NTA, he still appeared before an immigration judge for his removal hearing and did not contest his removability. Thus, the defect in the NTA did not impede his ability to understand, participate in, or contest the removal proceedings.

Moreover, Arteaga's only argument in support of prejudice was that the Immigration Court never had jurisdiction to remove him. But as explained above, that approach is foreclosed by our precedent. Arteaga-Centeno therefore has suggested no other "plausible ground for relief from deportation," which is required to show prejudice. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004) (simplified).

**AFFIRMED.**

4