360 F.3d 1022
 In re Marciano ELLIS,
Marciano Ellis, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON (TACOMA), Respondent,
United States of America, Real Party in Interest.
 No. 01-70724.
 United States Court of Appeals, Ninth Circuit.
 Filed March 5, 2004.
 
 David Eugene Wilson, Peter B. Gonick, McKay Chadwell PLLC, Seattle, WA, Miriam F. Schwartz, FPDWA — Federal Public Defender's Office (Tacoma), Tacoma, WA, Robert H. Gombiner, Esq., FPDWA — Federal Public Defender's Office, Seattle, WA, for Petitioner.
 David Eugene Wilson, McKay Chadwell PLLC, Seattle, WA for Respondent.
 Robert Henry Westinghouse, Esq., Leonie G.H. Grant, Esq., USSE — Office of the U.S. Attorney, Seattle, WA, for Real Party in Interest.
 Before: SCHROEDER, Chief Judge, Harry PREGERSON, REINHARDT, STEPHEN Reinhardt, Alex Kozinski, Stephen S. Trott, Andrew J. Kleinfeld, Sidney R. Thomas, Kim McLane Wardlaw, Raymond C. Fisher, Ronald M. Gould, and Marsha S. Berzon, Circuit Judges.
 
 
 1
 Order; Dissent by Judge Gould.
 
 ORDER
 
 2
 Judge Trott would grant the motion.
 
 
 3
 We hereby DENY Respondent's Motion for Recall and Stay of Mandate because, due to the nature of mandamus proceedings, we have not issued a "mandate." As we explain below, our grant of Ellis's petition for a writ of mandamus operated as "a writ of mandate," which took immediate effect.
 
 
 4
 A writ of mandate is "an order from an appellate court directing a lower court to take a specified action." Black's Law Dictionary 973 (7th ed.1999). Because a writ of mandate functions as an order, we do not issue along with it a "mandate" in the sense of a secondary decree relinquishing jurisdiction over the case to the district court. See Sgaraglino v. State Farm Fire & Cas. Co., 896 F.2d 420, 421 (9th Cir.1990) (defining the "issuance of the mandate" as "return[ing] [the case] to the district court's jurisdiction"); Nelson, Goelz & Watts, Federal Ninth Circuit Civil Appellate Practice (The Rutter Group 2003) § 13:323 ("The court does not issue a separate mandate after it grants or denies mandamus relief. The order is effective immediately.").
 
 
 5
 Indeed, in the context of an extraordinary writ such as mandamus, there is no need for us to relinquish our jurisdiction to the district court because it was never deprived of jurisdiction over the underlying case. See, e.g., Woodson v. Surgitek, Inc., 57 F.3d 1406, 1416 (5th Cir.1995). The district court does not lose jurisdiction over a case merely because a litigant files an interlocutory petition for an extraordinary writ. See id. Here, the district court never lost jurisdiction over Ellis's case. As a consequence, there is no "mandate," i.e., return of jurisdiction, for us to stay or recall.
 
 
 6
 Respondent, however, is not without a remedy; it has always maintained the right to seek a stay of the proceedings in the district court, and it may do so now to pursue a petition for a writ of certiorari with the Supreme Court.
 
 
 7
 IT IS SO ORDERED.
 
 
 8
 GOULD, Circuit Judge, with whom KLEINFELD, Circuit Judge, concurs, dissenting.
 
 
 9
 I respectfully dissent. There is no good reason why we cannot stay our mandate as a courtesy to the District Court-respondent, which has indicated its intent to file, with the United States Supreme Court, a petition for a writ of certiorari. I do not understand why my colleagues, who routinely grant stays of mandate to almost any party who wishes to present a non-frivolous claim to the Supreme Court, turn a blind eye on the District Court-respondent here, telling it "no dice" from us but if you want you may feel free to try for a remedy by applying to yourself for the relief of a stay. If the District Court has authority to suspend proceedings, and to delay implementation of our mandate, and if such a delay does not jeopardize prosecution, all to the end of permitting a petition for a writ of certiorari to be filed by the District Court-respondent and acted upon, in the Supreme Court's discretion, before events render the legal issue moot, then the District Court-respondent may have a remedy but it is more complex and cumbersome than is necessary. To my thinking, it is not sound for us to encourage the District Court-respondent to seek relief from itself, when there is no impediment to the grant of such relief by our court. Our exercise of discretion to issue the writ of mandamus immediately, rather than after the seven-day delay usual for our mandates, and our remitting the District Court here to a remedy before itself, might have the effect of discouraging a District Court-respondent, with an important stake in the mandamus relief that our court grants, from seeking a higher level of review.
 
 
 10
 It doesn't matter if, as the majority suggests, we needn't return jurisdiction to the District Court. What matters in substance is that the District Court-respondent wants review at the Supreme Court, and we can either be gracious to facilitate it, or be something else, with the practical effect to discourage it. We are empowered to stay the operation of our writ of mandamus, see, e.g., In re Repetitive Stress Injury Litigation, 35 F.3d 637, 640 (2d Cir.1994), and do not need to leave the District Court-respondent to seek a remedy before itself in the District Court, a procedure that may raise at least eyebrows and possibly other process issues if the interests of any other party are at stake.
 
 
 11
 Judge TROTT would grant the motion.