**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

 v.

JUAN MORENO, AKA Moose, AKA
Juan Crisanto Moreno,

       Defendant-Appellant.

No.   18-50293

D.C. No. 8:17-cr-00145-AG-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted, Submission Deferred April 14, 2020[**]
Resubmitted April 22, 2020
Pasadena, California

Before: THOMAS, Chief Judge, and FERNANDEZ and W. FLETCHER, Circuit
Judges.

    Juan Moreno appeals his conviction for being a felon in possession of

ammunition and the district court's denial of his motion to correct his sentence

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under Federal Rule of Criminal Procedure 35(a). We affirm. We agree that the challenged supervised release condition is unconsitutionally vague, and we remand to the district court for modification of the condition. Because the parties are familiar with the history of this case, we need not recount it here.

"We review the district court's denial of [a] motion to suppress de novo and the underlying factual findings for clear error." *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017) (citing *United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1125, *amended by* 416 F.3d 939 (9th Cir. 2005)). "The clear error standard is deferential, and is not met unless the reviewing court is left with a definite and firm conviction that a mistake has been committed." *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) (internal quotation marks and citation omitted). "[W]e review the district court's determination of whether [a defendant']s prior conviction was a controlled substance offense de novo." *United States v. Brown*, 879 F.3d 1043, 1047 (9th Cir. 2018). We review constitutional challenges to supervised release conditions de novo. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

1. The district court did not commit reversible error in denying the suppression motion. In order to justify a *Terry* stop, an officer must have reasonable suspicion that a suspect is engaging in criminal activity. *Terry v. Ohio*,

392 U.S. 1, 21 (1968). Here, the stop was predicated on an encounter the previous day in which officers believed Moreno had fled from them and dropped a backpack containing a digital scale associated with drug transactions. Moreno and the officer provided different accounts, and portions of the officer's testimony were shown to be questionable or incorrect. However, given the record and the deference owed to inferences drawn by the district court, *see United States v. Valdes-Vega*, 738 F.3d 1074, 1077 (9th Cir. 2013) (en banc), the district court did not commit clear error in crediting the testimony and concluding that the *Terry* stop was justified. The officer testified that Moreno was the same individual the police had encountered the previous day, and a body cam video showed other officers stating to the defendant that they had seen him the previous day. Moreno disputes that he was the individual that the officers had encountered. However, the district court reasonably resolved that dispute in the officer's favor. And although an officer's good faith alone is not enough to warrant a stop, *Terry*, 392 U.S. at 22, "[a] mistaken premise can furnish grounds for a Terry stop, if the officers do not know that it is mistaken and are reasonable in acting upon it." *United States v. Garcia-Acuna*, 175 F.3d 1143, 1147 (9th Cir. 1999) (internal quotation marks and citations omitted). Therefore, because the officer could point to specific and articulable facts to support his belief that Moreno was the individual he had

3

observed the day before and there was reason to believe he was involved in criminal activity, it was not reversible error for the district court to conclude the *Terry* stop was justified to investigate the officer's suspicion. *See United States v. Hensley*, 469 U.S. 221, 229 (1985).

2.     The district court did not err in concluding that the officers had reasonable suspicion to conduct a frisk. The officer testified that he heard another officer ask Moreno if he had anything illegal on him, and that Moreno answered "yes." Moreno denies making this statement. In addition, the officer testified that he saw the butt of a gun sticking out from Moreno's pocket, and the butt of the gun is visible on body cam footage from the day of the arrest. The district court credited the officer's account. Thus, given the totality of the circumstances, *see Thomas v. Dillard*, 818 F.3d 864, 876 (9th Cir. 2016) (reasonable suspicion considers the totality of the circumstances), the district court did not commit reversible error in concluding that the officers had reasonable suspicion for the frisk, *see Terry*, 392 U.S. at 24 (a frisk is justified upon a reasonable suspicion that a suspect "is armed and presently dangerous to the officer or to others").

In short, given our deferential standard of review, we conclude that the district court did not commit reversible error in denying the suppression motion.

3.     The district court did not commit reversible error in denying Moreno's motion to correct his sentence pursuant to Fed. R. Crim P. 35(a). The motion was

4

predicated on *Lorenzo v. Sessions*, 902 F.3d 930 (9th Cir. 2018), but that decision was vacated and withdrawn, *Lorenzo v. Whitaker*, 752 Fed. App'x 482 (9th Cir. 2019). Therefore, because California's methamphetamine definition has not been found overbroad, the district court did not clearly err in considering Moreno's previous state methamphetamine convictions when calculating the offense level.

4. We vacate the challenged supervised release condition because it is overbroad in one respect and fails to provide the requisite determinate guidance to both Moreno and the probation officer. *See United States v. Evans*, 883 F.3d 1154, 1164 (2019). The challenged supervised release condition is unconstitutionally vague, and we remand to the district court.

**AFFIRMED in part; REMANDED in part.**

*United States v. Moreno*, No. 18-50293

W. Fletcher, J., dissenting:

I dissent on the grounds that the district court should have granted the motion to suppress.