**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| HASMIK JASMINE CHINARYAN, Individually and as Guardian as Litem for NEC, a Minor; MARIANA MANUKYAN, *Plaintiffs-Appellants*, v. CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; MICHEL MOORE, Chief of Police; ROMERO GONZALEZ, Officer; FRED CUETO, Sergeant; RODRIGO SORIA, Officer; AIRAM POTTER, Officer; BRITTANY OKE, Officer; JEFF RODD, Officer; DANIEL MARTINEZ, Officer; DANIEL GAYTON, Officer; EDUARDO PICHE, Officer; MARIO MENSES, Officer; BRITTANY PRIMO, Officer, *Defendants-Appellees*. | Nos. 21-56237 22-55168 D.C. No. 2:19-cv-09302-MCS-E ORDER |

Filed December 4, 2024

Before: Sidney R. Thomas, Jacqueline H. Nguyen, and Danielle J. Forrest, Circuit Judges.

# SUMMARY[*]

## Recalling the Mandate

The panel denied defendants' motion to recall this court's mandate and to stay proceedings while they seek certiorari in the Supreme Court.

Following the issuance of the mandate in this case, the parties stipulated to stay the proceedings in the district court while defendants sought certiorari in the Supreme Court. The district court denied relief, ruling that it lacked power to issue the relief the parties requested because a stay would deviate from this court's mandate. Defendants then moved this court to recall the mandate and stay the proceedings pending resolution of the anticipated Supreme Court proceedings.

The panel rejected the defendants' assertion that good cause exists to recall the mandate because if the district court applied the panel's ruling in *Chinaryan v. City of Los Angeles*, 113 F.4th 888 (9th Cir. 2024), the case will proceed to trial. The panel noted that recalling the mandate is a power "of last resort, to be held in reserve against grave, unforeseen contingencies." Here, it was entirely foreseeable that, absent a motion to stay the mandate, the mandate would issue, and jurisdiction would return to the district court.

The panel stated that defendants were free to seek a stay of the proceedings in the district court while they petition for writ of certiorari. The panel's opinion remanding this case

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

to the district court for a new trial did not specify a time frame or otherwise suggest that the district court lacked authority to stay the case. Thus, the panel left it to the district court to determine whether a stay pending a petition for writ of certiorari was appropriate.

## COUNSEL

John Burton (argued), The Law Office of John Burton, Pasadena, California; Shaleen Shanbhag and Morgan Ricketts, Hadsell Stormer Renick & Dai LLP, Pasadena, California; for Plaintiffs-Appellants.

Sara Ugaz (argued), Deputy City Attorney; Scott Marcus, Chief Assistant City Attorney; Hydee F. Soto, City Attorney; Los Angeles Office of the City Attorney, Los Angeles, California; for Defendants-Appellees.

## ORDER

Following issuance of the mandate in this case, the parties stipulated to stay the proceedings in the district court while defendants seek certiorari in the Supreme Court. The district court denied relief, ruling that it "lacks power to issue the relief the parties request" because a stay would "deviate from the mandate." The district court stated that "[i]f the parties wanted to keep this case in abeyance until the Supreme Court resolves a forthcoming petition for a writ of certiorari, they should have petitioned the circuit court to stay the mandate."

Defendants then moved this court to recall our mandate and stay the proceedings pending resolution of the anticipated Supreme Court proceedings. Plaintiffs do not oppose the requested relief. We deny the motion.

"We have the inherent power to recall our mandate in order to protect the integrity of our processes, but should only do so in exceptional circumstances." *United States v. Lozoya*, 19 F.4th 1217, 1218 (9th Cir. 2021) (en banc) (quoting *Carrington v. United States*, 503 F.3d 888, 891 (9th Cir. 2007)). Recalling the mandate is a power "of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998). Defendants argue that good cause exists to recall the mandate because if the district court applies our ruling, the case will proceed to trial. But it was entirely foreseeable that, absent a motion to stay the mandate, the mandate would issue, and jurisdiction would return to the district court.

Defendants are free to seek a stay of the proceedings in the district court while they petition for writ of certiorari. *See Ellis v. U.S. Dist. Ct.*, 360 F.3d 1022, 1023 (9th Cir. 2004) (en banc). "The district court possesses 'inherent authority to stay federal proceedings pursuant to its docket management powers.'" *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (quoting *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023)). When considering whether to grant such a stay, courts must weigh three non-exclusive factors: "(1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" *Ernest Bock*, 76 F.4th at 842 (quoting

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

Although district courts must faithfully carry out "both the letter and the spirit" of our mandates, *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023) (quoting *Vizcaino v. U.S. Dist. Ct.*, 173 F.3d 713, 719 (9th Cir. 1999)), "they are free as to anything not foreclosed by the mandate," *United States v. Perez*, 475 F.3d 1110, 1113 (9th Cir. 2007). Our mandate remanded the case to the district court "for a new trial on all of plaintiffs' claims against the individual officers." *Chinaryan v. City of Los Angeles*, 113 F.4th 888, 893 (9th Cir. 2024). We did not specify a time frame or otherwise suggest that the district court lacked authority to stay the case. Thus, we leave to the district court to determine whether a stay pending a petition for writ of certiorari is appropriate in this case.